447 So.2d 994 (1984)
Jane Winifred McGREGOR, Appellant,
v.
Bruce McGREGOR, Appellee.
No. 82-1421.
District Court of Appeal of Florida, Fourth District.
March 21, 1984.
Rehearing Denied April 24, 1984.
Joel M. Weissman of Sales & Weissman, P.A., West Palm Beach, for appellant.
Kenneth G. Spillias of Considine & Spillias, Palm Beach, for appellee.
*995 DOWNEY, J.
Appellant, Jane Winifred McGregor, seeks reversal of a final judgment of dissolution of marriage.
This marriage endured for approximately 23 years and resulted in the birth of two children, a daughter nineteen and a son thirteen. The wife was 44 years of age at the time of the final hearing and had some permanent medical problems. Since moving to Florida she had not done any appreciable work outside the home. The husband is a carpenter by trade and worked as a building inspector prior to the divorce.
The last several years of this marriage were not blissful. The wife testified the husband said he hated her and the children. The husband testified that she constantly criticized him in front of the children and generally made life miserable for him. According to the husband, she drove him away from the home  he could not stand it any longer. Two weeks later they discussed his returning but she wanted the marital home placed in her name first. He conveyed the property to her but things did not really improve after his return. The husband testified that she kept telling him to leave until finally they decided to get a divorce. He told her to get the cheapest lawyer she could find to represent them both. The wife employed a lawyer who drew an agreement for them in which the wife received all of their property except a 1973 Ford with 90,000 miles on it, his tools, clothes and approximately $600 worth of bank stock.
The final judgment set aside the agreement upon a finding that the property settlement agreement was grossly unfair on its face, was impossible of performance by the husband, and was not freely and voluntarily entered into by him. It also set aside the deed for the marital home for much the same reasons. The judgment then made provision for alimony and child support independent of the provisions of the agreement. It also provided that the wife and child should have exclusive possession of the home for two years after which it should be sold and the proceeds divided after payment to the wife of $10,000 lump sum alimony out of the husband's one-half.
We have carefully considered the evidence adduced by the parties relative to the issue of the voluntariness of the agreement and evidence and hold that, considered in the light most favorable to the judgment, there is adequate, legal support for the trial judge's findings.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
BERANEK and WALDEN, JJ., concur.