511 So.2d 401 (1987)
Daniel Lee HOAG, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1808.
District Court of Appeal of Florida, Fifth District.
July 30, 1987.
Rehearing Denied August 20, 1987.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
The defendant, Daniel Lee Hoag, intoxicated and driving a motor vehicle, negligently struck a group of pedestrians, killing one and injuring four. He did not stop his vehicle at the scene of the accident. He was convicted of seven offenses, viz: manslaughter by driving while intoxicated (§ 316.1931(2), Fla. Stat.); manslaughter by culpable negligence (§ 782.07, Fla. Stat.); leaving the scene of an accident with a death (§ 316.027, Fla. Stat.); and four counts of leaving the scene of an accident with injuries (§ 316.027, Fla. Stat.). He appeals.
The defendant's constitutional double jeopardy rights were violated by his two convictions for two statutory homicides as to but one death. See Houser v. State, 474 So.2d 1193 (Fla. 1985); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984). Accordingly, the judgment of conviction for manslaughter by culpable negligence (§ 782.07, Fla. Stat.) is reversed and vacated.
Section 316.027, Florida Statutes, provides that
The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident.
*402 The gist of this statute is the failure of a driver of a vehicle involved to stop at the scene of an accident resulting in injury or death. Although Hoag's accident caused four injuries and one death, there was but one scene of the accident and one failure to stop. In Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982), a defendant was required to appear in court as to two charges. He was later convicted twice for violation of section 843.15(1)(a), Florida Statutes, which made it an offense to willfully fail to appear as required. Although Miles was required to appear at one time and place as to two charges, he failed to appear (the gist of that offense) only once. Accordingly, this court held that to be convicted twice under the same statutory offense as to the same factual event violated Miles' double jeopardy rights and reversed one conviction. Just as Miles' failure one time and at one place to appear constituted but one offense although his appearance in court was required as to two charges, likewise, the failure of Hoag to stop at the scene of his accident constituted but one offense although that accident resulted in injuries to four persons and the death of a fifth. Hoag's five convictions of the same statutory offense as to the same factual event violated Hoag's double jeopardy rights. See also Burke v. State, 475 So.2d 252 (Fla. 5th DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986), where this court held that giving three altered dollar bills to one person at one time constituted but one criminal act of uttering. Hoag's second, third, fourth, and fifth convictions of violating section 316.027, Florida Statutes, are reversed and vacated.
Because the convictions here vacated were scored in, and affected the calculation of, the guidelines sentence imposed in this case, the defendant on remand will, at his option[1], be entitled to be resentenced based on a new scoresheet. We find Hoag's other arguments are without merit or are rendered moot by our decision in this case.
REVERSED and REMANDED.
UPCHURCH, C.J., and GREEN, O.L., Associate Judge, concur.
NOTES
[1] While attacking his convictions on appeal, the defendant did not specifically request that his sentence be vacated. Unless the defendant elects to be resentenced, he is entitled to not be resentenced. See, e.g., Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).