544 So.2d 1048 (1989)
William ONESKY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02109.
District Court of Appeal of Florida, Second District.
May 17, 1989.
Jack Helinger of Louderback, McCoun & Helinger, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant, William Onesky, contends that his convictions and sentences violate his constitutional rights against double jeopardy. We disagree.
While driving under the influence of intoxicants, Onesky collided with another vehicle. One person was killed and two others were injured. A jury found Onesky guilty of one count of DUI manslaughter and one count of manslaughter by culpable negligence with respect to the deceased victim, as well as two separate counts of bodily injury regarding the other victims. The trial judge merged the two manslaughter counts. Accordingly, Onesky was convicted of one count of manslaughter by culpable negligence, one count of DUI involving serious bodily injuries to another, and one count of DUI involving damage or injury to another. The court imposed the minimum recommended guidelines sentence of seven years, followed by five years' probation.
*1049 In reviewing a double jeopardy claim under the federal and state constitutions, we must first look to legislative intent as stated in the statutes. Carawan v. State, 515 So.2d 161 (Fla. 1987). The Florida legislature has proscribed "the killing of a human being by the ... culpable negligence of another" as a second-degree felony. § 782.07, Fla. Stat. (1987). A person who commits the offense of DUI and causes "damage to the property or person of another" is guilty of a first-degree misdemeanor. § 316.193(3)(c)(1), Fla. Stat. (1987). In contrast, one who inflicts "serious bodily injury to another" while committing the offense of DUI is guilty of a third-degree felony. § 316.193(3)(c)(2), Fla. Stat. (1987). From our examination of these statutes, we believe the legislature intended to provide separate offenses and penalties for the commission of each of these offenses where different victims are involved. Therefore, separate convictions for these offenses are not violative of Onesky's double jeopardy rights since different victims are involved. See Douglas v. State, 349 So.2d 694 (Fla. 1st DCA 1977).
Onesky contends that Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987), is dispositive of this appeal. We disagree. In Hoag, the Fifth District held that Hoag could only be convicted once for violating section 316.027, Florida Statutes (1987), which provides: "The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident." Although Hoag's accident caused four injuries and one death, there was only one "scene of the accident" and, accordingly, only one failure to stop. Thus, Hoag is inapposite to the instant case because Onesky was convicted of violating criminal statutes which are specific in reference to "the killing of a human being," injury to "property or person of another," and "serious bodily injury to another. (Emphasis added). In contrast to Hoag, we think that under these circumstances the legislature intended that each of the three legislative proscriptions form a separate basis for Onesky's prosecution, conviction, and punishment.
Given our disposition of Onesky's double jeopardy argument, it was proper for the trial judge to score each offense and resulting victim injury for sentencing purposes. See Fla.R.Crim.P. 3.701(d)(7); Florida Rules of Criminal Procedure Re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088 (Fla. 1987).
Affirmed.
DANAHY and PARKER, JJ., concur.