## STATE OF FLORIDA v PEREZ
### Case No. 90-144 AP
Eleventh Judicial Circuit, Dade County

March 28, 1991

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General, and **Angelica D. Zayas,** Assistant Attorney General, for appellant.

**Howard Horowitz, Esquire,** for appellee.

Before NADLER, LEVINE, RAMIREZ, JJ.

### OPINION OF THE COURT

NADLER, J.

The genesis of this Appeal is an incident having occurred October 29, 1988, on State Road 836. The Appellee, while driving in the emergency lane, hit a parked Florida Highway Patrol car which in turn collided with a stopped vehicle. Several persons were injured.

By information, the State Attorney charged, among other things, six

separate counts of driving under the influence causing bodily injury. The lower court, in dismissing all but one count, determined that there was only one charge of DUI. For purposes of appeal and by agreement, the last DUI count as well, was dismissed.

We hold that where several persons are injured, a defendant may be charged with more than one count of DUI, *Onesky v State,* 544 So.2d 1048 (Fla. 2d DCA 1989). Furthermore, we believe it was the legislature's intent to provide separate offenses and penalties where different victims are involved, thus not violating appellee's double jeopardy rights. Fla. Stat. 4316.193(3)(c)(2) (1987), provides that one who inflicts "serious bodily injury to *another*" while committing the offense of DUI is guilty of a third degree felony (emphasis added). "Another" indicates that the legislature intended to form a separate basis for each prosecution.

Accordingly, this matter is reversed with direction to the lower court to reinstate all counts herein and to proceed accordingly.

REVERSED AND REMANDED.

LEVINE and RAMIREZ, JJ., concur.