705 So.2d 979 (1998)
Terry Carnell HARDY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0402.
District Court of Appeal of Florida, Fourth District.
January 28, 1998.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Terry Carnell Hardy, was convicted of various offenses all relating to a traffic accident that occurred on July 16, 1995, on a dark stretch of U.S. 441. While we otherwise affirm, we reverse appellant's conviction for leaving the scene of an accident involving injury, as we hold that appellant's dual convictions for leaving the scene of an accident involving injury, see § 316.027(1)(a), Fla. Stat. (1995), and leaving the scene of an accident involving death, see id. § 316.027(1)(b), violated the prohibition against double jeopardy where both convictions related to the same accident.
Appellant was involved in a single traffic accident which resulted in the deaths of both Dr. Daniel Carlton and his wife, Clara, who were travelling together in their automobile. The crash also resulted in serious injury to Harold Drake, who was driving a semi-truck. Count IV of the amended information charges appellant with leaving the scene of an accident involving death in relation to the deaths of both Dr. and Mrs. Carlton. Count V, which charges appellant with leaving the scene of an accident involving injury, relates to the injury suffered by the truck driver.
Whether multiple convictions and sentences may be imposed for offenses resulting from a single criminal episode is purely a question of legislative intent:
In determining the constitutionality of multiple convictions and sentences for offenses arising from the same criminal *980 transaction, the dispositive question is whether the legislature "intended to authorize separate punishments for the two crimes." Albernaz v. United States, 450 U.S. 333, 334, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); accord State v. Smith, 547 So.2d 613, 614 (Fla.1989).
M.P. v. State, 682 So.2d 79, 81 (Fla.1996). While the Florida legislature has provided that separate crimes committed within a single episode should generally result in a conviction for each applicable offense, it has made an exception where: (1) the offenses require identical elements of proof; (2) the offenses are degrees of the same crime; or (3) one of the offenses is a lesser included offense of the other. See § 775.021(4)(b), Fla. Stat. (1995).
The offenses charged in Counts IV and V are different degrees of the same crime. In this respect, it is noteworthy that the predecessor statute described only a single offense, making it a third degree felony to leave the scene of an accident which involved either injury or death. See § 316.027(1), (2), Fla. Stat. (1985). The current statute separates its predecessor into two discrete offenses, distinguishing accidents on the basis of whether they involve death or mere injury. See § 316.027(1)(a), (b), Fla. Stat. (1995). The two new offenses are defined virtually identically, except that when the accident results in death, rather than mere injury, the offense becomes a second degree felony.[1] Because the two offenses are different degrees of the same crime, the legislature may have intended only a single conviction in this case. See § 775.021(4)(b)2, Fla. Stat. (1995).
The State responds that multiple convictions are appropriate in this case because there were multiple victims. However, our reading of section 316.027 convinces us that the intended "unit of prosecution" for these offenses is not the number of victims, but the number of accidents. The Fifth District addressed this very issue in Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987), with regard to the predecessor statute. In Hoag, the defendant was involved in a single automobile accident which resulted in injury to four people and the death of another. The defendant was convicted of four counts of leaving the scene of an accident involving injuries and one count of leaving the scene of an accident involving death. Id. at 401. On appeal, the Fifth District vacated four of these five convictions, holding that the multiple convictions violated the prohibition against double jeopardy:
Section 316.027, Florida Statutes, provides that
The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident.
The gist of this statute is the failure of a driver of a vehicle involved to stop at the scene of an accident resulting in injury or death. Although Hoag's accident caused four injuries and one death, there was but one scene of the accident and one failure to stop.... [T]he failure of Hoag to stop at the scene of his accident constituted but one offense although that accident resulted in injuries to four persons and the death of a fifth. Hoag's five convictions of the same statutory offense as to the same factual event violated Hoag's double jeopardy rights.
Id. at 402.
We believe that Hoag`s reasoning and conclusion apply with equal force under the *981 present statutory scheme. We find that the "gist" of the current statute, like its predecessor, is to prohibit a driver from leaving the scene of an accident that involves injury or death. As in Hoag, in this case "there was but one scene of the accident and one failure to stop"; thus, there was but one offense.
Although appellant did not raise his double jeopardy claim below, a double jeopardy violation is a fundamental error that may be raised for the first time on appeal. See State v. Johnson, 483 So.2d 420 (Fla. 1986). The proper remedy is to vacate the conviction for the lesser offense while affirming the conviction for the greater one. See Williams v. Singletary, 78 F.3d 1510, 1516 (11th Cir.), cert. denied, ___ U.S. ___, 117 S.Ct. 221, 136 L.Ed.2d 154 (1996). Accordingly, we vacate the conviction for leaving the scene of an accident involving injury, but affirm appellant's other convictions.
AFFIRMED IN PART; REVERSED IN PART.
POLEN and GROSS, JJ., concur.
NOTES
[1] The relevant statutory sections provide:

The driver of any vehicle involved in an accident resulting in the death of any person must immediately stop the vehicle at the scene of the accident, or as close thereto as possible, and must remain at the scene of the accident until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 316.027(1)(b), Fla. Stat. (1995)(emphasis added).
The driver of any vehicle involved in an accident resulting in injury of any person must immediately stop the vehicle at the scene of the accident, or as close thereto as possible, and must remain at the scene of the accident until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 316.027(1)(a), Fla. Stat (1995)(emphasis added).