744 So.2d 1193 (1999)
Kenneth M. PIERCE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4330.
District Court of Appeal of Florida, Fourth District.
November 3, 1999.
*1194 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm in part and reverse in part Pierce's conviction and sentence. Pierce's conviction on vehicular homicide/leaving the scene of an accident involving death (count I) is affirmed. We also affirm the convictions and sentences as to counts IV and V, not challenged on appeal. However, his convictions for leaving the scene of an accident resulting in injury (count II) and causing a death while driving with a suspended license (count III) are reversed.
In 1992, Pierce, driving a pickup truck, hit three children; one child died and the other two were seriously injured. Pierce fled the scene without stopping. Although he did not raise the issue in the trial court, Pierce, in an initial appeal, argued that dual convictions as to the vehicular homicide/leaving the scene of an accident causing death, and leaving the scene of an accident causing injury, violated double jeopardy. However, in the initial appeal, our opinion did not explicitly address that claim. Pierce v. State, 718 So.2d 806 (Fla. 4th DCA 1997). Rather, we indicated that we found merit in only two of Pierce's numerous issues. There, we held that Pierce could not be convicted of both driving with a suspended license and causing death and vehicular homicide based on a single death because it violated his rights against double jeopardy, and we recognized that Pierce could not legally receive consecutive enhanced sentences for crimes emanating from one criminal episode. Id. at 810-11.
On remand, however, Pierce argued that the court should not adjudicate him guilty of both counts I and II because the dual convictions violated his rights against double jeopardy. The trial court rejected this argument on the grounds that this court's previous Pierce opinion had rejected this position. However, in our initial Pierce *1195 opinion, this court did not elaborate on why we did not reverse an additional count on the double jeopardy claim raised here.
The state argues that the court should not address this issue as this court's earlier decision is the law of the case. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965). We acknowledge that reconsideration of a point of law previously decided in a former appeal is a matter of grace, not a matter of right, and is not allowed when it would amount to nothing more than a second appeal on a question determined on the first appeal. However, an exception to this rule is recognized where strict adherence to the rule will result in manifest injustice. Id. at 4.
In Benedit v. State, 610 So.2d 699 (Fla. 3d DCA 1992), the defendant raised a double jeopardy claim on direct appeal, but the appellate court rejected it without discussion. On a subsequent motion to vacate pursuant to rule 3.850, the defendant made the same argument, and the court agreed that his conviction for possession of a firearm during the commission of a felony was absolutely barred by his right against double jeopardy. The court concluded that "under the circumstances of this case, it would be fundamentally unfair to follow a concededly erroneous affirmance of this conviction by this court on a direct appeal from the subject conviction where the same point was raised and incorrectly rejected without discussion, especially when the law at the time of the direct appeal was less than a model of clarity on this issue." Id. at 699-700 (citations omitted).
We cannot determine on this record precisely why the issue was not addressed in our initial opinion, although we note that in the earlier appeal, the state asserted that the double jeopardy issue was raised for the first time on appeal and cited Wright v. State, 573 So.2d 998 (Fla. 1st DCA 1991). However, we are mindful that Wright has been effectively overruled in part by two subsequent cases, decided before our previous appeal in this case, recognizing that a court can address the propriety of convictions as well as sentences raised for the first time on appeal because a double jeopardy violation constitutes fundamental error. See Novaton v. State, 634 So.2d 607 (Fla.1994); State v. Johnson, 483 So.2d 420 (Fla.1986). In light of Novaton and Johnson, this court should have recognized in the first appeal that Pierce had not waived the double jeopardy issue. See Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997).
Other portions of the Wright holding remain undisturbed. Wright involved the same statutes at issue here, and held that convictions under both section 782.071(2), Florida Statutes (1991), and section 316.027(1), Florida Statutes (1991), violate the defendant's right against double jeopardy. See 573 So.2d at 1000.
Section 782.071(2) provides:
Any person who commits vehicular homicide and willfully fails to stop or comply with the requirements of s. 316.027(1) is guilty of a felony of the second degree.
Section 316.027(1) stated:
The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene of, the accident until he has fulfilled the reporting requirements of s. 316.062.
Wright held that section 316.027(1) was subsumed within section 782.071(2). See 573 So.2d at 1001. As a result, the defendant could not be sentenced under both statutes.
Wright, however, involved two counts applied to one victim who died, while here one count applied to one of the victims, who died, and the other count applied to the other victims, who were injured. The state analogizes to the charge of DUI manslaughter, which may be charged separately *1196 for each victim. See Melbourne v. State, 679 So.2d 759 (Fla.1996). In Melbourne, the court made a distinction between DUI cases and cases holding that only one conviction can arise from a single violation of the driving with a suspended license statute even though injury results to several persons. The court concluded:
The different constructions of these two statutes, we conclude, are not contradictory; the link between the statutory violation and resultant injury is fundamentally different.
In the case of driving with a suspended license, the link between the violation and injury is indirect-the suspended license in no way causes the driver's carelessness or negligence. To allow multiple convictions for a single violation of this statute would be illogical because the violation does not cause injury to any of the victims. In the case of DUI, on the other hand, the link is direct-the driver's intoxication results in his or her inability to drive safely. The DUI driver may sustain multiple convictions because the violation causes injury to each victim.
Id. at 765 (emphasis in original).
Here, unlike DUI manslaughter and DUI resulting in injuries, leaving the scene of an accident is not a discrete crime against an individual in which causation of injury to the "victim" is related to the leaving the scene charge. This court, in Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998), held that dual convictions under the amended version of section 316.027(1), Florida Statutes (1995), violated double jeopardy. That statute now separates former section 316.027(1) into two subsections, the first making it a second-degree felony to leave the scene of an accident resulting in death, and the second making it a third-degree felony to leave the scene of one resulting in injury. This court held that conviction under both subsections 316.027(1)(a) and 316.027(1)(b), where one person was injured and two were killed, was error because the effect of the statute was to prohibit a driver from leaving the scene of an accident that involves injury or death. Id. at 980. This court further concluded that because "`there was but one scene of the accident and one failure to stop,'... there was but one offense." Id. at 980-81 (citing Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987)). See also Foreman v. State, 727 So.2d 1135 (Fla. 4th DCA 1999)(double jeopardy bars separate convictions for vehicular homicide, leaving the scene, and leaving the scene of an accident with injuries). Although this appeal does involve different statutes, section 782.071(2), Florida Statutes (1991)(vehicular homicide, failure to stop), and former section 316.027(1), Florida Statutes (1991), as distinguished from section 316.027(1)(a) and (b), Florida Statutes (1995)(accident resulting in injury or death, failure to stop), we conclude that the Hardy rationale, nevertheless, applies.
Thus, we recognize that this court was in error in failing to reverse in the initial Pierce appeal, and we do so here, as a matter of fundamental fairness. We also reverse as to count III. As to this count, the state does not dispute that conviction is a double jeopardy violation. See Houser v. State, 474 So.2d 1193, 1196 (Fla.1985). We remand for re-sentencing on counts I, IV, and V.
FARMER and TAYLOR, JJ., concur.