PER CURIAM.
The husband, Ciro Torres, appeals from the final judgment of dissolution of marriage and from the denial of his post-judgment motion to set aside the parties’ marital settlement agreement where the agreement was unconscionable and the product of overreaching. We reverse.
A review of the record shows that the husband, unrepresented by counsel, executed a marital settlement agreement wherein he agreed to pay alimony to the wife in the amount of $3,000 per month or $36,000 per year. We find that, absent any findings by the trial court of imputed income, this agreement is unconscionable as the husband is in failing health and his financial affidavit indicates that his total gross income is $36,000 per year. See McGregor v. McGregor, 447 So.2d 994 (Fla. 4th DCA 1984); Ellis v. Ellis, 385 So.2d 135 (Fla. 2d DCA 1980); Moss-Jacober v. Moss, 334 So.2d 89 (Fla. 3d DCA 1976), cert. dismissed, 353 So.2d 676 (Fla.1977).
Accordingly, we reverse the final judgment of dissolution of marriage and the denial of the husband’s post-judgment motion to set aside the marital settlement agreement and on remand, direct the trial court to conduct a full trial on the equitable distribution of marital assets and the husband’s ability to pay alimony.
Reversed and remanded for further proceedings consistent with this opinion.