SAWAYA, J.
Andres Bermudez and his accomplice hatched a scheme whereby they led the victim to believe that they were taking him to a storage unit to buy a motorcycle being housed there. On the way to the storage unit, Bermudez and the accomplice forced the victim to hand over the $5,000 purchase price and fled. Bermudez was convicted of both robbery and grand theft for his role in taking the money from the victim. He argues on appeal that the dual convictions violate double jeopardy as both offenses arose out of the same criminal episode and were part of one continuous act.
The State concedes that Defendant’s convictions for both robbery and grand theft based upon the single taking of $5,000 from one victim violate double jeopardy principles. See Simmons v. State, 634 So.2d 153 (Fla.1994) (holding that a defendant could not be convicted of robbery and *790 grand theft of the same property). Here, the State agrees that the conviction for the lesser offense, grand theft, should be vacated. See Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998) (holding the appropriate remedy for a double jeopardy violation is to vacate the conviction for the lesser offense). Accordingly, we affirm the robbery conviction, but vacate the conviction for grand theft and remand for resentenc-ing.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
HARRIS and GRIFFIN, JJ„ concur.