SHAHOOD, J.
Appellant, Shelly Goldman, was charged with DUI Manslaughter/ Leaving the Scene of an Accident (UBAL); DUI-Manslaughter/Leaving the Scene (Impairment); DUI-Serious Bodily Injury; Leaving the scene of an. accident causing death; and leaving the scene of an accident causing serious bodily injury. The charges stemmed from an accident in which appellant struck and killed Angela Wood (Angela) and injured John Wood (John). Appellant was found guilty following a jury trial, and the court entered judgment of conviction of unlawful blood alcohol/manslaughter, DUI Serious Bodily Injury, and leaving the scene of an accident. Appellant raises seven issues on appeal, which we affirm without comment, except the fourth issue, which we reverse. In her fourth issue, appellant urges the trial court erred in convicting and sentencing her - on both DUI manslaughter/leaving the scene of an accident with death (count I), and leaving the scene of an accident with injury (count V). Count I related to the death of Angela; count V related to the injury to John.
In Pierce v. State, 744 So.2d 1193 (Fla. 4th DCA 1999), this court held that dual convictions for vehicular homicide/leaving the scene of an accident causing death and leaving the scene of an accident causing injury violates double jeopardy. The analysis was the following:
Here, unlike DUI manslaughter and DUI resulting in injuries, leaving the scene of an accident is not a discrete crime against an individual in which causation of injury to the “victim” is related to the leaving the scene charge. This court,-in Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998), held that dual convictions under the amended version of section 316.027(1), Florida Statutes (1995), violated double jeopardy. That statute now separates former section 316.027(1) into two subsections, the first making it a second-degree felony to leave the scene of an accident resulting in death, and the second making it a third-degree felony to leave the scene of one resulting in injury. This court held that conviction under both subsections 316.027(l)(a) and 316.027(l)(b), where one person was injured and two were killed, was error because the effect of the statute was to prohibit a driver from leaving the scene of an accident that involves injury or death. Id. at 980. This court further concluded that because “ ‘there was but one scene of the accident and one failure to stop,’ ... there was but one offense.” Id. at 980-81 (citing Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987)). See also Foreman v. State, 727 So.2d 1135 (Fla. 4th DCA *444 1999) (double jeopardy bars separate convictions for vehicular homicide, leaving the scene, and leaving the scene of an accident with injuries). Although this appeal does involve different statutes, section 782.071(2), Florida Statutes (1991) (vehicular homicide, failure to stop), and former section 316.027(1), Florida Statutes (1991), as distinguished from section 316.027(l)(a) and (b), Florida Statutes (1995) (accident resulting in injury or death, failure to stop), we conclude that the Hardy rationale, nevertheless, applies.
Id. at 1196. Pierce is applicable in this case and requires reversal of the conviction for leaving the scene of the accident because conviction on that count along with conviction of DUI manslaughter/leaving the scene violates double jeopardy. See also Hunt v. State, 769 So.2d 1109 (Fla. 2d DCA 2000) (double jeopardy bars convictions of both vehicular homicide/leaving the scene of an accident involving death and leaving the scene of an accident causing injury).
We accordingly reverse and remand for resentencing in accordance with this opinion.

Reversed and Remanded.

STONE and KLEIN, JJ., concur.