983 So.2d 34 (2008)
Jeremy Cowell PEER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6065.
District Court of Appeal of Florida, First District.
April 30, 2008.
Rehearing Denied June 9, 2008.
Nancy A. Daniels, Public Defender, and John B. Kelly, III, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, Jeremy Peer, was convicted of two offenses relating to a motor vehicle accident and sentenced to 12 years in prison. We reverse and vacate the appellant's conviction for leaving the scene of an accident causing injury, and reverse and remand for resentencing.
On April 17, 2005, the appellant was involved in an accident resulting in the death of Colleen Martin and injury to Monty Martin. He was charged with one count of leaving the scene of an accident *35 causing death, Count I, and one count of leaving the scene of an accident causing injury, Count II. Subsequently, the trial court convicted the appellant on both charges, his first felony offense. Without ordering a pre-sentence investigation (PSI), the trial court sentenced the appellant to 12 years in prison as to Count I only.
Although the trial court sentenced the appellant only on Count I, we find that a conviction on both counts violates double jeopardy. Multiple convictions for separate crimes during a single episode are permissible only when each offense contains an element which the other does not. Multiple convictions are not authorized when (1) the offenses require identical elements of proof; (2) the offenses are degrees of the same crime; or (3) one of the offenses is a lesser-included offense of the other. See State v. Florida, 894 So.2d 941, 945 (Fla.2005). The offenses charged in Counts I and II are different degrees of the same crime and are described almost identically except for the harm caused to the victim. See §§ 316.027(1)(a)(b), Fla. Stat. (2005); Hardy v. State, 705 So.2d 979, 980 (Fla. 4th DCA 1998). Thus, the appellant's convictions were unauthorized and violated double jeopardy.
The trial court also sentenced the appellant to 12 years in prison on Count I without first ordering a PSI. Florida Rule of Criminal Procedure 3.710(a) provides that:
no sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.
Rule 3.710(a) clearly mandates that the trial court first order a PSI before sentencing a first felony offender to more than probation. Because the appellant was sentenced to more than probation on his first felony conviction, rule 3.710 required the trial court to order a PSI. Thus, the trial court erred when it sentenced the appellant without first ordering a PSI.
Accordingly, we vacate the appellant's conviction for leaving the scene of an accident causing injury, and reverse and remand to the trial court for resentencing on Count I, leaving the scene of an accident causing death, after the preparation and consideration of a PSI.
REVERSED and REMANDED.
BROWNING, C.J., VAN NORTWICK and ROBERTS, JJ., concur.