WARNER, J.
We affirm the denial of appellant’s motion to correct an illegal sentence. The trial court correctly found that the appellant was procedurally barred from raising his claim. Appellant raised the identical issue in a prior rule 3.800 motion that was fully litigated and denied by the trial court. See State v. McBride, 848 So.2d 287, 288-91 (Fla.2003). A prior judgment on the merits is final with regard to all matters addressed by the trial court in that order, even if the order was never appealed to the District Court of Appeal. Id. at 292.
In any event, there was no error in appellant’s habitual felony offender (HFO) sentences for armed robbery and armed burglary, as the sentencing court had the authority to sentence appellant to life imprisonment as an HFO for those offenses. Armed robbery and armed burglary are first-degree felonies punishable by life, not life felonies. See §§ 812.13(2)(a), 810.02(2)(b), Fla. Stat. (1996); see also Franke v. State, 997 So.2d 424, 425-26 (Fla. 2d DCA 2008) (holding that armed robbery and armed burglary cannot be reclassified to life felonies under section 775.087(1), Florida Statutes, because the use of a weapon or firearm is an essential element of each offense). First-degree felonies punishable by a term of years not exceeding life imprisonment are subject to enhancement under the habitual offender statute. See Burdick v. State, 594 So.2d 267, 271 (Fla.1992) (holding that a first-degree felony punishable by life was subject to an enhanced sentence pursuant to the provisions of the habitual felony offender statute, which at the time provided for sentence enhancement for first-degree felonies but not life felonies).
*831 With respect to appellant’s double jeopardy claim, a claim that a judgment of conviction was entered in violation of double jeopardy protections cannot be raised in a rule 8.800(a) motion because the challenge is to the conviction and not to the sentence. Henry v. State, 920 So.2d 1204, 1205 (Fla. 4th DCA 2006); Safrany v. State, 895 So.2d 1145, 1147 (Fla. 2d DCA 2005); Smith v. State, 886 So.2d 336, 337-38 (Fla. 5th DCA 2004).

Affirmed.

POLEN and STEVENSON, JJ., concur.