GRIFFIN, J.
Luis Esteban Colon [“Colon”] appeals his convictions of two separate counts of leaving the scene of an accident involving death and three separate counts of leaving the scene of an accident involving injury, based on a claim of double jeopardy. Colon additionally contends that his sentence must be vacated because the trial court impermissibly considered his protestation of innocence in determining his sentence.
Colon was charged by information with two counts of vehicular homicide enhanced to first-degree felonies for failure to render aid, two counts of leaving the scene of an accident with death, and three counts of leaving the scene of an accident with injuries. These charges were brought as a result of an automobile accident that occurred on October 5, 2005.[1]
*378 The jury found Colon guilty as charged, and the trial court adjudicated Colon guilty of all seven counts. At sentencing, Colon testified on his own behalf. While Colon was testifying, the trial court asked him about his continued protestations that he was not driving the car. While announcing the statutory maximum sentences of thirty years for the two vehicular homicide counts, to be served consecutively, the trial court said:
As to Count 1 and 2, based upon the totality of the circumstances, Mr. Colon’s continued denial of the fact that he is responsible for this accident, he is a danger to society, Mr. Hobson. Put him in an automobile and he is a guided missile. And there is just no excuse. I mean, he wasn’t under the influence of any drugs or alcohol that day. He was just under the influence of doing whatever the hell he wanted to do, irrespective of all those other people on the highway.
Colon was also sentenced to concurrent five year terms for the three leaving the scene of an accident with injury counts. Finally, Colon was sentenced to ten-year terms for the two counts of leaving the scene of an accident with death. The prosecutor informed the court that it would violate double jeopardy to impose sentences for the two counts of leaving the scene of an accident with death when they were charged in the alternative to the vehicular homicide counts. The trial court adjudicated him on the two counts and sentenced him to time served.
Colon appealed and his appellate counsel filed a Rule of Criminal Procedure 3.800(b)(2) motion to correct illegal sentence, claiming several double jeopardy violations. The trial court did not rule on the motion.
On appeal, Colon asserts two separate double jeopardy violations. First, he argues that a conviction for vehicular homicide failure to render aid or give information and a conviction for leaving the scene of an accident with death for the same victim violates double jeopardy. Second he contends that a defendant can be charged with only one count of leaving the scene of an accident involving death or injury when only one accident occurs. The State disputes Colon’s first point, but agrees with the second. See Yeye v. State, 37 So.3d 324, 326 (Fla. 4th DCA 2010). See also Hoag v. State, 511 So.2d 401, 402 (Fla. 5th DCA 1987). Hence, the State urges that the judgment and sentence should reflect convictions for two counts of vehicular homicide and one count of leaving the scene of an accident with death, thereby eliminating the other four counts of leaving the scene.
Colon is correct that the elements of leaving the scene of an accident with death in counts three and four are subsumed in the elements of vehicular homicide in counts one and two. See Hunt v. State, 769 So.2d 1109, 1111 (Fla. 2d DCA 2000) (citing Pierce v. State, 744 So.2d 1193, 1196 (Fla. 4th DCA 1999); Wright v. State, 573 So.2d 998, 1001 (Fla. 1st DCA 1991)).
The State contends that Colon’s dual convictions for vehicular homicide and one count of leaving the scene of an accident with death no longer violate double jeopardy based on the Florida Supreme Court’s decision in Valdes v. State, 3 So.3d 1067 (Fla.2009). We disagree.
In a recent opinion, Ivey v. State, 47 So.3d 908 (Fla. 3d DCA 2010), the Third District Court of Appeal considered Valdes *379 in the context of dual convictions of DUI manslaughter, enhanced from a second-degree felony to a first-degree felony because Ivey left the scene of a fatal accident,[2] and a separate conviction for leaving the scene of a fatal accident. The court concluded this dual penalty for the same conduct violated double jeopardy.
In sum, Colon’s two convictions for vehicular homicide and one conviction for leaving the scene of an accident with injuries are affirmed. The remaining convictions are vacated.
Finally, we agree with Colon that he is entitled to a new sentencing hearing because of the trial court’s express reliance on Colon’s refusal to admit his culpability. Hannum v. State, 13 So.3d 132 (Fla. 2d DCA 2009); Bracero v. State, 10 So.3d 664 (Fla. 2d DCA 2009); Soto v. State, 874 So.2d 1215 (Fla. 3d DCA 2004); K.N.M. v. State, 793 So.2d 1195 (Fla. 5th DCA 2001). A sentencing court has wide discretion regarding the factors it may consider when imposing a sentence, but “it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt.” Ritter v. State, 885 So.2d 413, 414 (Fla. 1st DCA 2004).
Here, the trial judge’s questions to Colon, and then his remarks immediately before imposing two maximum consecutive sentences, suggest that the court considered this impermissible factor in arriving at the sentences. Even though the trial court articulated other reasons for imposing the maximum sentences, reconsideration of the sentences without this factor is required.
AFFIRMED in part; REVERSED in part; and REMANDED.
COHEN and JACOBUS, JJ, concur.

. Colon was driving erratically at a high rate of speed on Goldenrod Road when he lost control of the car and collided with another car. His two best friends, who were passengers in his car, were killed in the collision and *378 the driver of the other vehicle was severely injured along with two other passengers.

. Under section 316.193(3)(c)3.b., the penalty is enhanced to a first-degree felony if at the time of the crash the person knew the crash occurred and failed to give information and render aid as required by section 316.062.