PER CURIAM.
Jerrold Baron filed this petition alleging ineffective assistance of his appellate counsel on multiple grounds. Included in his claims was an argument that appellate counsel should have raised on direct appeal a double jeopardy challenge to his dual convictions and sentences for leaving *980 the scene of an accident with death (count 2) and DUI manslaughter-leaving the scene of an accident (count 6). We grant the petition as to this claim, and deny relief on the others.
Baron pled guilty to leaving the scene of an accident, tampering with evidence, and giving a false report to law enforcement. In the same prosecution, he was tried for vehicular homicide and DUI manslaughter-leaving the scene of an accident with a death. Baron was sentenced to fifteen years for the DUI manslaughter-leaving the scene of an accident with a death, fifteen years for leaving the scene of an accident causing death, five years for tampering with evidence, and one year for giving a false report to law enforcement.[1] He appealed to , this court, arguing trial court error in the denial of a motion for mistrial. This court per curiam affirmed without opinion in Baron v. State, 6 So.3d 618 (Fla. 4th DCA 2009).
 Baron filed two prior motions to correct illegal sentence on double jeopardy grounds, which the trial court summarily, denied. We affirmed the denial of one in Baron v. State, 39 So.3d 1274 (Fla. 4th DCA 2010), addressing an unrelated issue, and Baron voluntarily dismissed his appeal from the other trial court order of denial. We do not find that the trial court orders denying those motions or his appeals dis-positive or preclusive of the issue here. Ordinarily, a double jeopardy challenge to a defendant’s convictions cannot be argued in a rule 3.800(a) motion, as the challenge relates to the convictions rather than the sentences. Black v. State, 52 So.3d 830, 831 (Fla. 4th DCA 2011). Insofar as the previous motions challenged his sentences on double jeopardy grounds, the trial court orders did not reach the merits of the issue, and we do not find that Baron is precluded by estoppel from raising his claim in this petition.
Baron has demonstrated a violation of double jeopardy in his dual convictions and sentences on count two, leaving the scene of an accident with death and count six, DUI manslaughter with leaving the scene of an accident. In Ivey v. State, 47 So.3d 908 (Fla. 3d DCA 2010), the third district held that while there was no double jeopardy violation by dual convictions for DUI manslaughter and leaving the scene of a fatal accident, there is such a violation when the defendant’s DUI manslaughter conviction is enhanced from a second degree felony to a first degree felony because he left the scene of a fatal accident, and then is separately convicted of leaving the scene of a fatal accident. See also Colon v. State, 53 So.3d 376 (Fla. 5th DCA 2011); Goldman v. State, 918 So.2d 442 (Fla. 4th DCA 2006); Pierce v. State, 744 So.2d 1193 (Fla. 4th DCA 1999). That enhancement took place here as well, evidenced by the judgment of conviction and its citation to section 316.193(3)(c)3.b., Fla. Stat. (2006). The judgment identified the conviction as a first degree felony.
We reject the State’s attempts to distinguish those cases by pointing out that at sentencing here, the prosecutor discussed the double jeopardy issue with the judge and cured any potential violation of double jeopardy by suggesting that the leaving the scene aspects of the counts would merge. The problem is that the judgment of conviction demonstrates that Baron was convicted of leaving the scene of an accident with death in count two and DUI manslaughter with leaving the scene of an accident in count six. He was sentenced to fifteen years for leaving the scene of an *981 accident with death for count two, and to fifteen years for the DUI manslaughter with leaving the scene of an accident, with those counts to run consecutively. Whatever the prosecutor and sentencing judge may have intended does not overcome this double jeopardy violation on the record.
Under these circumstances, we conclude that petitioner has demonstrated that appellate counsel rendered ineffective assistance in failing to raise this double jeopardy issue as one of fundamental error on appeal. See generally Binns v. State, 979 So.2d 439 (Fla. 4th DCA 2008); Downs v. Moore, 801 So.2d 906 (Fla.2001).
The petition is granted in part, as to this double jeopardy challenge, and denied as to the remaining issues. This case is remanded for proceedings consistent with this opinion as to petitioner’s dual convictions and sentences on counts two and six. The trial court shall vacate the conviction and sentence on either of those two counts. Binns, 979 So.2d at 442.

Petition granted in part and denied in part. Cause remanded for further proceedings.

CIKLIN, LEVINE and CONNER, JJ., concur.

. On double jeopardy grounds, he was not adjudicated or sentenced for vehicular homicide, as it merged with the DUI manslaughter conviction. Similarly, he was not adjudicated or sentenced for one count of leaving the scene of an accident causing injury, as it merged with count two, leaving the scene of an accident causing death.