# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-1474
_____

DEONTAE PALINSKI JOHNSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

September 14, 2020

PER CURIAM.

Deontae Palinski Johnson appeals multiple convictions, arguing that under Double Jeopardy principles he cannot be convicted of multiple counts of leaving the scene of a crash stemming from a single crash. We agree and reverse.

Johnson was driving and had a passenger with him, Christian Debique. Johnson hit another vehicle, killing the driver, Tryriq Roberts. The collision caused the second vehicle to collide with a third vehicle. There were two people in the third vehicle, Breanna Cotton and Kristal Haynes. Debique, Cotton, and Haynes were all

injured. Johnson left the scene of the crash without attempting to assist any of the four victims.

The State charged Johnson with one count of vehicular homicide, one count of leaving the scene of a crash involving death, three counts of leaving the scene of a crash involving injury, and one count of driving with a suspended or revoked license. Prior to trial, the State dropped the driving with a suspended or revoked license charge.

The jury convicted Johnson of all five of the remaining counts. At sentencing, the trial court dismissed one conviction of leaving the scene involving injury, reasoning that the unit of prosecution was each vehicle involved, not each person. Johnson was sentenced on the three remaining convictions for leaving the scene: one conviction of leaving the scene of a crash involving death; and two convictions of leaving the scene of a crash involving injury. Johnson appealed his convictions.

Johnson's claim of a double jeopardy violation was not preserved. However, a double jeopardy violation constitutes fundamental error, which can be raised for the first time on appeal. *Shipman v. State*, 171 So. 3d 199, 200 (Fla. 1st DCA 2015) ("[B]ecause [a] double jeopardy violation constitutes fundamental error, it may be addressed for the first time in a direct appeal.").

This Court has held that leaving the scene of a crash, even one resulting in death to one victim and injury to others, permits only a single conviction. *See Peer v. State*, 983 So. 2d 34, 34-35 (Fla. 1st DCA 2008). *See also Hardy v. State*, 705 So. 2d 979, 981 (Fla. 4th DCA 1998) (holding that convictions for leaving the scene of a crash involving death and leaving the scene of a crash involving personal injury constituted a single episode of leaving the scene— even though the single crash involved multiple cars and victims); *Hoag v. State*, 511 So. 2d 401, 402 (Fla. 5th DCA 1987) ("[T]he failure of [the defendant] to stop at the scene of his accident constituted but one offense although that accident resulted in injuries to four persons and the death of a fifth."). This rule applies here.

Johnson's convictions for leaving the scene in which injury resulted is a lesser offense of leaving the scene in which death resulted. Thus, "[t]he proper remedy is to vacate the conviction[s] for the lesser offense[s] while affirming the conviction for the greater one." *Hardy*, 705 So. 2d at 981 (citing *Williams v. Singletary*, 78 F.3d 1510, 1516 (11th Cir. 1996)). Here, the greater conviction is for leaving the scene of a crash in which death results. Therefore, the single conviction under section 316.027(2)(c) must stand, while the two convictions based on section 316.027(2)(a) must be vacated.

We VACATE the two convictions for leaving the scene of a crash resulting in injury; AFFIRM the conviction for leaving the scene of crash in which death results; and REMAND for resentencing.

LEWIS and M.K. THOMAS, JJ., concur; WINOKUR, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

WINOKUR, J., concurring.

I agree that this Court's precedent requires us to vacate Johnson's convictions. However, it appears to me that neither this Court in *Peer v. State*, 983 So. 2d 34 (Fla. 1st DCA 2008), nor the courts in *Hardy v. State*, 705 So. 2d 979 (Fla. 4th DCA 1998) or *Hoag v. State*, 511 So. 2d 401 (Fla. 5th DCA 1987), considered the effect of section 316.062 in their analyses of whether leaving the scene permits multiple punishments based on multiple victims. I submit that section 316.062 shows that the Legislature intended to permit separate punishments of leaving the scene of a crash for each victim of the crash.

3

Section 316.027(2)(a), Florida Statutes, states:

> The driver of a vehicle involved in a crash occurring on public or private property which results *in injury to a person* other than serious bodily injury shall immediately stop the vehicle at the scene of the crash, or as close thereto as possible, *and shall remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062.*

(emphasis added). Section 316.027(2)(c), is substantially identical to section 316.027(2)(a)—except that paragraph (2)(c) applies when a person in the accident is killed rather than injured.

Sections 316.027(2)(a) and (c) require the driver of a vehicle involved in a crash to "remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062." Section 316.062(1), Florida Statutes, requires the following:

> The driver of any vehicle involved in a crash *resulting in injury to or death of any person or damage to any vehicle* or other property which is driven or attended by any person *shall give his or her name, address, and the registration number of the vehicle he or she is driving,* and shall upon request and if available exhibit his or her license or permit to drive, to any person injured in such crash or to the driver or occupant of or person attending any vehicle or other property damaged in the crash and shall give such information and, upon request, exhibit such license or permit to any police officer at the scene of the crash or who is investigating the crash and *shall render to any person injured in the crash reasonable assistance*, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary, or if such carrying is requested by the injured person.

(emphasis added). In short, section 316.062(1) shows that a driver in a crash has an obligation to *each* person in the crash. As such, a

4

driver who leaves the scene of a crash has abandoned his or her obligation to each person involved in the crash.

"[T]here is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009). The cases cited by the majority find that the Legislature did not intend to authorize separate punishments for each victim of the crime of leaving the scene when there is "but one scene of the accident and one failure to stop." *Hoag*, 511 So. 2d at 402. I see no such legislative intent. Instead, I see a statute that criminalizes behavior specific to each victim of a crash.

It should also be noted that the Florida Supreme Court has stated, "[o]ne of the main purposes of [section 316.027(2)] is to ensure that accident victims receive medical assistance as soon as possible." *State v. Dumas*, 700 So. 2d 1223, 1225 (Fla. 1997) (citing *Herring v. State,* 435 So. 2d 865, 866 (Fla. 3d DCA 1983)). In my view, this statement recognizes that the statute is directed at individual victims, not at the mere act of leaving the scene.

Writing on a clean slate, I would hold that section 316.027(2) permits separate punishments for each victim when a driver leaves the scene of a crash. However, based on established precedent, I agree that we are obligated to reverse.

_____

Andy Thomas, Public Defender, Katherine Turner, Assistant Public Defender, Kathryn Lane, Assistant Public Defender, and Steven Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, for Appellee.