# Supreme Court of Florida

----

No. SC21-20

----

**STATE OF FLORIDA,**
Petitioner,

vs.

**DEONTAE PALINSKI JOHNSON,**
Respondent.

March 17, 2022

MUÑIZ, J.

This case presents a certified question about the interpretation of section 316.027, Florida Statutes (2021), a provision titled "Crash involving death or personal injuries." Under this statute, when a car crash results in the injury or death of "a person," the driver of a vehicle involved in the crash must stop at the scene and remain there "until he or she has fulfilled the requirements of s. 316.062." Section 316.062, Florida Statutes (2021), in turn requires the driver to provide identifying information to any injured person and the police, and to render reasonable assistance to any injured person.

A driver's willful violation of section 316.027 is a first, second, or third-degree felony, depending on the severity of the crash victim's injury.

> The certified question is as follows:
>
> Given the requirements of section 316.062(1), Florida Statutes, does conviction on multiple counts under section 316.027(2), Florida Statutes, stemming from a single crash involving multiple victims, expose a defendant to multiple punishments for one offense in violation of the double-jeopardy protections of the U.S. Constitution?

*Johnson v. State*, 307 So. 3d 853, 856 (Fla. 1st DCA 2020). Because we conclude that section 316.027(2) contemplates prosecution on a per-crash-victim basis, rather than on a per-crash basis, our answer to the certified question is no.[1]

## I.

Deontae Johnson, the defendant in this case, was a driver in a three-car crash that resulted in the death of one person and

---

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. Johnson claims that the First District did not "pass upon" the certified question and that we therefore lack jurisdiction. According to Johnson, to satisfy the constitutional "pass upon" requirement, a district court must "express concern with its holding and the ramifications thereof." This argument has no basis in the constitution or our case law.

injuries to three others. Johnson fled the crash scene without fulfilling his obligations under sections 316.027 and 316.062. The State charged Johnson with four violations of section 316.027(2)—one violation for each crash victim—and the jury entered a guilty verdict on each count. The trial court dismissed one count on the ground that two of the injured victims were in the same car, leaving Johnson with convictions on three counts.

On appeal to the First District, Johnson argued that "under Double Jeopardy principles he cannot be convicted of multiple counts of leaving the scene of a crash stemming from a single crash." *Johnson,* 307 So. 2d at 854. The district court agreed and vacated two of Johnson's three convictions. Judge Winokur concurred, but only because he was bound by First District precedent. "Writing on a clean slate," Judge Winokur would have held that "section 316.027(2) permits separate punishments for each victim" and that Johnson's multiple convictions therefore did not constitute double jeopardy. *Id.* at 856 (Winokur, J., concurring).

II.

There is no dispute that the federal and state constitutions prohibit the government from prosecuting and punishing a criminal defendant multiple times for the same offense. What is disputed here is how to apply that principle in Johnson's case. When Johnson fled a four-victim crash scene without complying with section 316.027, did he commit one offense or four?

A.

To answer that question, we must determine the permissible unit of prosecution for a violation of section 316.027(2). "Unit of prosecution" refers to "the aspect of criminal activity that the legislature intended to punish." *State v. Rubio*, 967 So. 2d 768, 777 (Fla. 2007) (quoting *McKnight v. State*, 906 So. 2d 368, 371 (Fla. 5th DCA 2005)). The State argues that, when a driver impermissibly leaves a crash scene, there is one statutory violation for each crash victim. Johnson contends that there is one statutory violation for each crash scene and that the number of crash victims is immaterial.

Our precedents establish that resolving the parties' dispute about the permissible unit of prosecution is a matter of statutory

- 4 -

interpretation. As is often the case with criminal statutes, section 316.027 does not explicitly specify a unit of prosecution. Therefore we must do our best to infer the permissible unit of prosecution from "the overall statutory scheme and language of the statute." *Rubio*, 967 So. 2d at 778. By that standard, we think the State and Judge Winokur are right: section 316.027 contemplates a per-crash-victim unit of prosecution.

Section 316.027 is a victim-centric statute. Its criminal prohibitions are found in section 316.027(2), which is divided into three paragraphs that impose increasing degrees of punishment, depending on the severity of harm suffered by a crash victim. The victim categories established in the three paragraphs are mutually exclusive. Paragraph (a) addresses crashes that result in "injury to a person other than serious bodily injury"; paragraph (b) addresses crashes that result in "serious bodily injury to a person"; and paragraph (c) addresses crashes that result in "the death of a person." These textual choices show a Legislature concerned about how a car crash has affected each individual victim; the choices are inconsistent with legislative indifference to the number of victims in the crash.

The Legislature's decision to connect the criminal prohibitions of section 316.027 to the driver's compliance with section 316.062 also shows a victim-oriented focus. Section 316.062(1) requires the driver to "render to any person injured in the crash reasonable assistance," including facilitating their medical care. Section 316.027 makes it a crime for the driver to leave a crash scene until the driver has complied with section 316.062. Given that section 316.027 gives the driver duties that run to each crash victim, it makes sense to punish a driver's noncompliance with section 316.027 on a per-crash-victim basis.

Finally, we note the portion of section 316.027(2)(d) saying that "if the driver of a vehicle violates paragraph (a), paragraph (b), or paragraph (c), the court shall order the driver to make restitution to *the* victim." (emphasis added). Here the text indicates that, for each statutory violation, there will be one victim. This is yet another reason to reject Johnson's argument that the statute's permissible unit of prosecution is each crash and that the number of injured crash victims is immaterial.

B.

Johnson's principal textual argument on the other side is that section 316.027 says that the driver "shall stop" and "shall remain" at the crash scene.[2] According to Johnson, the criminal activity punished by the statute is a driver's failure to remain at the scene, making the crash itself the unit of prosecution. We think that this argument gives insufficient weight to section 316.027's command that the driver stop and remain "until he or she has fulfilled the requirements of section 316.062." The text shows that the Legislature defined the criminal activity not just in terms of leaving the crash scene, but leaving without first having informed and reasonably assisted each crash victim.

Understandably, Johnson also relies on the authority of several district court cases holding that the permissible unit of

---

2. Johnson also invokes the so-called "a/any test," an interpretive guide that derives clues about the permissible unit of prosecution from the Legislature's contrasting uses of "a" and "any" in statutory phrases. *See generally Bautista v. State*, 863 So. 2d 1180, 1182-85 (Fla. 2003). Johnson argues that here the permissible unit of prosecution is rendered ambiguous by section 316.062's requirement that the driver render reasonable assistance to "*any* person injured in the crash." (emphasis added). But in this context, the Legislature used the word "any" to mean "each," which only confirms the statutory focus on each individual crash victim.

prosecution for section 316.027 is per crash scene. *See Peer v. State*, 983 So. 2d 34 (Fla. 1st DCA 2008); *Hardy v. State*, 705 So. 2d 979 (Fla. 4th DCA 1998); *Hoag v. State*, 511 So. 2d 401 (Fla. 5th DCA 1987). The fountainhead of that line of authority is the Fifth District's decision in *Hoag*, which interpreted an earlier version of section 316.027.

Like the current version,[3] the 1987 version of section 316.027 required the driver to remain at a crash scene "until he has fulfilled the requirements of s. 316.062." But in 1987 the statute referred generally to "an accident resulting in injury or death of any person," without making the distinctions present in the current version. Also in contrast to the current version, the 1987 version of section 316.027 made all willful violations third-degree felonies, regardless of the severity of a victim's injury. Reading the earlier statute, the *Hoag* court concluded that "[t]he gist of this statute is the failure of a driver of a vehicle involved to stop at the scene of an accident resulting in injury or death." *Hoag*, 511 So. 2d at 402. And the court determined that "the failure of Hoag to stop at the scene of his

---

3. Johnson was prosecuted under the 2016 version of the statute. The current version is the same in all material respects.

accident constituted but one offense although that accident resulted in injuries to four persons and the death of a fifth." *Id.*

We are not sure that *Hoag* got the unit of prosecution analysis right, even as to the 1987 version of section 316.027. But ultimately that is irrelevant; since 1987 the Legislature has amended section 316.027 to make the statute even more explicitly victim-centric. Moreover, the *Hoag* court and the district courts that relied on it gave short shrift to the Legislature's decision to incorporate into section 316.027 the victim-oriented duties of section 316.062. Given the evolution of the statute and the analytical incompleteness of these district court decisions, we are unpersuaded by the *Hoag* line of district court authority.

### III.

We hold that section 316.027(2) contemplates a per-crash-victim unit of prosecution. Therefore, Johnson's separate convictions for each crash victim were not multiple punishments for the same offense. We quash the First District decision under review and remand for further proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, COURIEL, and GROSSHANS, JJ., concur.

LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

Because I conclude that a defendant may only be prosecuted under section 316.027(2), Florida Statutes, on a per crash basis and not per victim, I dissent to the majority's interpretation of the statute, and I would approve the First District Court of Appeal's decision.

Application for Review of the Decision of the District Court of Appeal Certified Great Public Importance

First District – Case No. 1D19-1474

(Leon County)

Ashley Moody, Attorney General, Trisha Meggs Pate, Chief Assistant Attorney General, and Damaris E. Reynolds, Assistant Attorney General, Tallahassee, Florida,

for Petitioner

Jessica J. Yeary, Public Defender, Kathryn Lane and Glen P. Gifford, Assistant Public Defenders, Second Judicial Circuit, Tallahassee, Florida,

for Respondent