OVERTON, Justice.
By petition for writ of mandamus, which we treat as an original petition for habeas corpus, petitioner alleges that the respondent, Louie L. Wainwright, has improperly computed his Release date. The chronological events of petitioner’s sentences for separate criminal actions and parole revocations are as follows.
(1) A six-month to one-year sentence entered by the Circuit Court, Volusia County, Florida, on February 18, 1965, for the crime of escape. There is no former sentence to which this sentence may be consecutive.
(2) A ten-year sentence entered by the Criminal Court of Record, Duval County, Florida, on June 3, 1965, for the crime of robbery.
(3) A one-year sentence entered by the Criminal Court of Record, Duval County, Florida, on January 19, 1967, for the crime of breaking and entering with intent to commit a misdemeanor, consecutive to the aforementioned sentence for escape.
(4) Petitioner was paroled on April 29, 1969, from the aforementioned sentences he was serving.
(5) A three-year sentence entered by the Criminal Court of Record, Orange County, Florida, on October 26, 1970, for the crime of attempted robbery. This sentence is consecutive to the sentences imposed for prior offenses, pursuant to Section 921.16, Florida Statutes (1969), which was then applicable.
(6) Petitioner’s parole was revoked on November 19, 1970, which revocation stated :
“This revocation is to be effective upon expiration of the sentence which parolee is now serving in the Florida State Prison under number B-014087; namely, a sentence of three years in the State Prison by the Criminal Court for Orange County, Florida, on October 26, 1970.”
(7) A five-year sentence consecutive to the sentences then being served by petitioner entered by the Criminal Court of Record, Duval County, on December 22, 1971, for the crime of breaking and entering with intent to commit a felony.
Our opinions in Brumit v. Wainwright, 290 So.2d 39 (Fla.1974), and Benyard v. Wainwright, 322 So.2d 473 (Fla.1975), are controlling. The petitioner’s total time to be served should be recalculated, making the Orange County sentence consecutive to prior sentences for which parole was revoked. The five-year sentence referred to in Item (7) imposed on December 22, 1971, is consecutive and must be calculated at the expiration of both the Orange County sentence and the sentence pursuant to the revocation of parole.
Respondent is directed to comply with the recalculation of the petitioner’s sentences in accordance with this opinion, and the writ is hereby discharged.
ADKINS, C. J., and ROBERTS, BOYD, ENGLAND and SUNDBERG, JJ., concur.