37 So.3d 324 (2010)
Edner YEYE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2725.
District Court of Appeal of Florida, Fourth District.
April 28, 2010.
Carey Haughwout, Public Defender, and Narine Austin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
*325 CIKLIN, J.
Edner Yeye timely appeals his conviction of three separate counts of leaving the scene of an accident, arguing that it is a violation of double jeopardy. The State concedes that error occurred because all three counts arose out of a single episode, permitting only a single conviction. We agree and reverse and remand with directions for the trial court to vacate two of Yeye's convictions for leaving the scene of the accident.
Yeye was charged by information with child neglect (count I), fleeing and eluding (count II), possession of cocaine (count III), reckless driving (count IV), and three counts of leaving the scene of an accident (counts V, VI, VII) for events that occurred on September 7, 2006.
While out on patrol, a police officer witnessed what he suspected to be a narcotics transaction taking place at a gas station parking lot in the front seats of a Chevy Malibu, driven by Yeye. The officer approached the vehicle from the passenger side and identified himself as a police officer, with his badge, radio, and gun in plain view. Yeye immediately drove off, ignoring the officer's orders to stop. Yeye drove through a stop sign and red light, and accelerated down the road out of view. The officer contacted his dispatcher and provided descriptions of the vehicle and passengers.
Other officers spotted the Malibu traveling at a high rate of speed and weaving in and out of traffic. The Malibu was followed into an apartment complex where it crashed into a series of parked cars and eventually came to a stop in the grass at the back of the building. After Yeye was apprehended, the Malibu was searched and a digital scale with a white powder residue on it and cash was found. The white powder residue field tested positive for cocaine and was later confirmed by a forensic chemist to be cocaine.
The jury returned a verdict of guilty on all counts except for count III. The trial court adjudicated Yeye guilty on the remaining six counts and sentenced him to ten years in prison, concurrently. On appeal, Yeye argues that his three convictions for leaving the scene of an accident (counts V, VI, and VII) constituted double jeopardy.
The State charged Yeye with three separate counts of leaving the scene of an accident. This is because, while fleeing from police, Yeye struck a parked car, causing it to smash into two other parked cars. Yeye did not stop at or return to the scene of the accident.
In relevant part, section 316.061(1), Florida Statutes (2007), defines the crime of leaving the scene of an accident as follows:
The driver of any vehicle involved in a crash resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of such crash or as close thereto as possible, and shall forthwith return to, and in every event shall remain at, the scene of the crash until he or she has fulfilled the requirements of s. 316.062.
The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); State v. Wilson, 680 *326 So.2d 411, 413 (Fla.1996). The last protection is involved here.
The prevailing standard for "determining the constitutionality of multiple convictions . . . for offenses arising from the same criminal transaction . . . is whether the legislature `intended to authorize separate punishments for the two crimes.'" M.P. v. State, 682 So.2d 79, 81 (Fla.1996) (citation omitted). Absent a clear statement of legislative intent to authorize multiple punishments for two separate crimes, courts employ the Blockburger[1] or "same-elements" test. Rich v. State, 823 So.2d 208, 209 (Fla. 2d DCA 2002); see also Gaber v. State, 684 So.2d 189, 192 (Fla.1996) ("[A]bsent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger `same-elements' test pursuant to section 775.021(4). . . is the sole method of determining whether multiple punishments are double-jeopardy violations." (footnote omitted)).
The statute in question does not reveal an intent on the part of the Florida Legislature to authorize separate punishments for multiple counts of leaving the scene of an accident in a situation such as this.
The Blockburger testwhich is codified in Florida at section 775.021(4), Fla. Stat.provides for the following analysis:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Yeye's single act of driving his car into the three parked cars was a single act. His decision to leave the scene of the chain reaction accident he caused constitutes the commission of one crime. His multiple convictions of leaving the scene of an accident violates the prohibition against double jeopardy. See Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998) ("in this case `there was but one scene of the accident and one failure to stop'; thus, there was but one offense"); Hoag v. State, 511 So.2d 401, 402 (Fla. 5th DCA 1987) ("[T]he failure of Hoag to stop at the scene of his accident constituted but one offense although that accident resulted in injuries to four persons and the death of a fifth. Hoag's five convictions of the same statutory offense as to the same factual event violated Hoag's double jeopardy rights.").
We therefore reverse the convictions and sentences for counts VI and VII and *327 remand for recalculation of a proper sentence.
Reversed and remanded with directions.
MAY, J., concurs.
GROSS, C.J., concurs specially with opinion.
GROSS, C.J., concurring specially.
I concur based on Hardy v. State, 705 So.2d 979, 980 (Fla. 4th DCA 1998). The intended "unit of prosecution" for subsection 316.061(1) is not the number of cars involved in the accident, but the number of accidents.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).