DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN PATRICK FRAVEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-2682 & 4D13-2788

[ February 10, 2016 ]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 08021190CF10B.

Antony P. Ryan, Regional Counsel and Louis G. Carres, Special Assistant Conflict Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

John Patrick Fravel appeals his convictions for two counts of fraudulent use of personal identification information and two counts of grand theft. These convictions resulted from two separate cases which were consolidated below and for appellate purposes. Appellant argues that the trial court erred in denying his motion for continuance to locate witnesses, denying his motion for judgment of acquittal, excluding testimony about a witness's IRS debt, and adjudicating him guilty of two counts of fraudulent use of personal identification information in violation of double jeopardy. We affirm on all issues except the claim concerning double jeopardy.

Briefly, the state sought to prove that appellant and co-defendant Gene Dodge stole the identity of two victims and used their personal identification to fraudulently open multiple lines of credit. Only the first two counts are relevant for purposes of this opinion. Count I alleged that between July 12, 2007, and February 26, 2008, appellant fraudulently

used the personal identification information of the victim, and that the amount of the injury or fraud was $5,000 or more but less than $50,000. Count II alleged that appellant fraudulently used the personal identification information belonging to the same victim during the same time frame, but did not specify an amount of injury or fraud.

Appellant argues that his convictions for Count I and Count II violate double jeopardy. Specifically, he asserts that the elements of Count II were subsumed within the elements of Count I.

The state responds that there is no double jeopardy violation because appellant's charges arose from two distinct criminal acts, in that appellant used the victim's personal identification to obtain credit cards at two different banks, Chase and Capital One.

Although appellant did not raise the double jeopardy argument below, a double jeopardy violation may be raised for the first time on direct appeal, because it is fundamental error to convict a defendant of two offenses where one in subsumed within another. *See Tannihill v. State*, 848 So. 2d 442, 444 (Fla. 4th DCA 2003); *Bell v. State*, 122 So. 3d 958, 959 n.1 (Fla. 2d DCA 2013).

"Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo." *Webb v. State*, 104 So. 3d 1153, 1154 (Fla. 4th DCA 2012) (citation omitted).

"The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Yeye v. State*, 37 So. 3d 324, 325 (Fla. 4th DCA 2010) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)).

The first step in the double jeopardy analysis is to determine if the offenses occurred during a single criminal episode. "In determining whether offenses occurred during a single criminal episode, courts must 'look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a temporal break between offenses.' " *Benjamin v. State*, 77 So. 3d 781, 783-84 (Fla. 4th DCA 2011) (quoting *State v. Paul*, 934 So. 2d 1167, 1172-73 (Fla. 2006), *receded from in part by Valdes v. State*, 3 So. 3d 1067 (Fla. 2009)).

2

If the offenses occurred during the same criminal episode, then the defendant shall not be convicted and sentenced for offenses which: (1) require identical elements of proof; (2) are degrees of the same offense as provided by statute; and (3) are lesser included offenses, the statutory elements of which are subsumed by the greater offense. *See* § 775.021(4)(b), Fla. Stat. (2007). However, a defendant may be convicted and sentenced for multiple offenses arising out of the same criminal episode, if the offenses are separate. § 775.021(4)(a), Fla. Stat. (2007); *see also Hayes v. State*, 803 So. 2d 695, 700 (Fla. 2001) ("[D]ouble jeopardy does *not* prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts.") (emphasis in original). Offenses are separate "if each offense requires proof of an element that the other does not . . . ." *Id.*

Here, the state charged appellant in Count I with a violation of section 817.568(2)(b), Florida Statutes, and in Count II with a violation of section 817.568(2)(a), Florida Statutes. The elements of fraudulent use of personal identification information under section 817.568(2)(a), Florida Statutes (2007), are: (1) willfully and without authorization fraudulently using or possessing with intent to fraudulently use; (2) personal identification information concerning an individual; and (3) without first obtaining that individual's consent. A violation of section 817.568(2)(a) is a third degree felony.

Section 817.568(2)(b), Florida Statutes (2007), states in pertinent part that "[a]ny person who willfully and without authorization fraudulently uses personal identification information concerning an individual without first obtaining that individual's consent commits a felony of the second degree . . . *if the pecuniary benefit, the value of the services received, the payment sought to be avoided, or the amount of the injury or fraud perpetrated is $5,000 or more.*" (emphasis added). A violation of section 817.568(2)(b) is a second degree felony.

In this case, the two charges are degrees of the same offense. The offenses do not each contain a separate element of proof that the other does not. Appellant thus argues that convictions for both charges constitute a double jeopardy violation because section 817.568(2)(a) is a lesser included offense, which is subsumed by the greater offense of section 817.568(2)(b).

As mentioned above, the state argues that no double jeopardy violation exists because each charge related to a different criminal episode. Indeed, the state presented evidence that appellant used the victim's personal

3

identification to obtain two different credit cards, one from Chase and the other from Capital One. According to the state, Count I corresponds to the Chase account and Count II corresponds to the Capital One account. However, neither the information nor the verdict form makes this distinction. Although there was evidence of two distinct acts, it is not clear from the information and verdict form that appellant was charged with two distinct acts.

Count I alleged fraudulent use of the victim's personal identification information between July 12, 2007 and February 26, 2008, with the injury or fraud in an amount of $5,000 or more but less than $50,000. Count II alleged the same elements and named the same victim during the same time frame without specifying an amount. Because no facts were alleged in either charge to distinguish the acts constituting one offense from the other, Count II was subsumed within the offense alleged in Count I.

When one offense is subsumed within another offense charged in the same information, the lesser offense must be vacated, because dual convictions violate the protection against double jeopardy. *See, e.g., Mizner v. State*, 154 So. 3d 391, 399-400 (Fla. 2d DCA 2014) (vacating convictions and sentences for soliciting a parent to consent to sex with a minor and for unlawful use of two-way communications device because both offenses were subsumed in the conviction for traveling to meet a minor). Accordingly, we reverse and remand for the trial court to vacate the conviction and sentence on Count II.

*Affirmed in part, Reversed in part, and Remanded.*

CIKLIN, C.J., and LEVINE, J., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

4