DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT BRELAND,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-537

[May 15, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case Nos. 432015CF001019, 432015CF001021, 432015CF001023 and 432015CF001029.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

We affirm appellant's convictions arising from no contest pleas in four separate cases and write to address his claim that his multiple convictions for leaving the scene of an accident involving property damage violated the double jeopardy clauses of the state and federal constitutions.

There is no double jeopardy violation because appellant's actions resulted in three separate crashes, seconds apart, at different locations in and near a parking lot. Each crash was a distinct criminal act, so no double jeopardy protection was triggered.

In this case, appellant was charged with one count of leaving the scene of an accident for each of the three cars that he hit while fleeing from the police. Section 316.061(1), Florida Statutes, defines the crime of leaving the scene of an accident, in part, as follows:

> The driver of any vehicle involved in a crash resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of such crash or as close thereto as possible, and shall forthwith return to, and in every event shall remain at, the scene of the crash until he or she has fulfilled the requirements of s. 316.062.

§ 316.061(1), Fla. Stat. (2018). The statute speaks in terms of "the scene of such crash" which leads to the conclusion that each crash scene comprises a discrete unit of prosecution.

Appellant relies on *Yeye v. State*, 37 So. 3d 324 (Fla. 4th DCA 2010), to argue that multiple convictions of leaving the scene of a crash involving property damage under section 316.061 violate double jeopardy. However, *Yeye* is not controlling because it involved one crash into a parked car which set off a chain reaction involving two other parked cars. *Id.* at 325. The state charged the defendant with three separate counts of leaving the scene of an accident, one count for each car. *Id.* We ruled that section 316.061(1) "does not reveal an intent on the part of the Florida Legislature to authorize separate punishments for multiple counts of leaving the scene of an accident in a situation such as this." *Id.* at 326. Holding that Yeye's multiple convictions of leaving the scene of an accident violated the prohibition against double jeopardy, we explained: "[The defendant]'s single act of driving his car into the three parked cars was a single act. His decision to leave the scene of the chain reaction accident he caused constitutes the commission of one crime." *Id.*

Unlike *Yeye*, this case is not about a single crash causing a multiple car chain reaction. While fleeing from the police, appellant crashed into three different cars at three different locations. Similarly, appellant's reliance on *Hardy v. State*, 705 So. 2d 979 (Fla. 4th DCA 1998), and *Hoag v. State*, 511 So. 2d 401 (Fla. 5th DCA 1987), is misplaced because both cases involve a defendant's failure to stop at one accident scene. As we wrote in *Hardy*, the intended "unit of prosecution" under a statute similar to section 316.061(1) "is not the number of victims, but the number of accidents." *Hardy*, 705 So. 2d at 980.

*Affirmed.*

TAYLOR and LEVINE, JJ., concur.

\*　　\*　　\*
***Not final until disposition of timely filed motion for rehearing.***