**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 66 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1474 MDA |
| | : | 2019 dated July 8, 2020 Affirming |
| v. | : | the Judgment of Sentence of the |
| | : | Dauphin County Court of Common |
| | : | Pleas, Criminal Division, at No. CP- |
| JACK EDWARD SATTERFIELD, | : | 22-CR-5794-2018 dated August 6, |
| | : | 2019 |
| Appellant | : | |
| | : | SUBMITTED: March 12, 2021 |

**OPINION**

**JUSTICE DONOHUE**                                    **DECIDED: July 22, 2021**

In this case of first impression, we granted allocatur to determine whether Jack Edward Satterfield ("Satterfield") has raised a meritorious challenge to the legality of the sentences imposed on three counts of leaving the scene of an accident involving death or personal injury, 75 Pa.C.S. § 3742, stemming from a multi-vehicle crash that resulted in three fatalities. We conclude that two of Satterfield's three sentences were illegal. Accordingly, we reverse the order of the Superior Court, vacate the judgment of sentence, and remand for resentencing.

**Factual and Procedural Background**

On October 12, 2018, Satterfield was driving a tractor-trailer with a partial load from New Jersey to Wisconsin. At approximately 8:30 p.m., while traveling through Dauphin

County on Interstate 83 North, Satterfield approached multiple vehicles stopped at a construction zone. Without reducing his speed of approximately sixty-seven miles per hour, Satterfield crashed into numerous vehicles at Mile Mark 47. As a result of the crash, three people died and many others were injured. Two of the fatalities were in the same car: a twenty-four-year-old father and his sixteen-month-old daughter died as a result of smoke inhalation and thermal burns after their vehicle was engulfed in flames. The third fatality was a twenty-two year old college student traveling with his fiancée; he died as a result of multiple traumatic injuries.

Once the tractor-trailer came to a stop, Satterfield exited the cab through the driver's side window and fled to the parking lot of a nearby hotel, where a crowd of people had gathered to observe the accident scene. Using a photograph of Satterfield, police officers spotted him in the crowd. As they approached Satterfield, he attempted to flee. The officers apprehended him, observing that he smelled of alcohol and smoke and spoke with slurred speech. A consensual blood draw revealed a blood alcohol content of .152%. When police interviewed Satterfield, he admitted that he had stopped to eat at a Mexican restaurant in New Jersey where he drank three margaritas and a beer with his dinner. Before resuming his trip, Satterfield had purchased a six-pack of beer and a bottle of hard liquor. As evident on video taken from the cab of the tractor-trailer, Satterfield drank as he drove from New Jersey toward Harrisburg, Pennsylvania.

Satterfield entered an open guilty plea to various offenses,[1] including three counts of violating Section 3742,[2] with each of these counts naming one of the persons killed.

---

[1]  Satterfield also pled guilty to three counts of homicide by vehicle while driving under the influence, 75 Pa.C.S. § 3735(a); three counts of homicide by vehicle, 75 Pa.C.S. § 3732(a); and one count each of driving under the influence: commercial vehicle (BAC .04+), 75 Pa.C.S. § 3802(f)(1)(i); driving under the influence:  general impairment, 75 Pa.C.S. § 3802(a)(1); reckless driving, 75 Pa.C.S. § 3736(a); careless driving, 75 Pa.C.S. § 3714(a); and restrictions on alcoholic beverages, 75 Pa.C.S. § 3809(a).

[2]  Known as Pennsylvania's "hit-and-run" statute, Section 3742 states as follows:

> **§ 3742. Accidents involving death or personal injury**
>
> **(a) General rule.**--The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirement of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.
>
> **(b) Penalties.--**
>
> (1) Except as otherwise provided in this section, any person violating this section commits a misdemeanor of the first degree.
>
> (2) If the victim suffers serious bodily injury, any person violating subsection (a) commits a felony of the third degree…
>
> (3)(i) If the victim dies, any person violating subsection (a) commits a felony of the second degree…

75 Pa.C.S. § 3742.  Section 3744, cited therein, provides:

> **§ 3744. Duty to give information and render aid**
>
> **(a) General rule.--**The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any

The court sentenced Satterfield to incarceration for an aggregate term of twenty-eight and one half (28½) to sixty-three (63) years. Sentencing Order, 8/6/2019. Reasoning that Satterfield "left the scene, leading to the deaths of three individuals[,]" the trial court sentenced him on the three Section 3742 convictions[3] to incarceration for consecutive terms of three to six years. Trial Court Opinion, 11/6/2019, at 1–2; 75 Pa.C.S.

> vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.
>
> (b) Report of accident to police.--In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (a) and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 3742 (relating to accidents involving death or personal injury) and subsection (a), insofar as possible on his part to be performed, shall forthwith report the accident to the nearest office of a duly authorized police department and submit to the police department the information specified in subsection (a).
>
> (c) Duty of occupants if driver disabled.--Whenever the driver of a vehicle is physically unable to give the information or assistance required in this section and there are other occupants in the vehicle at the time of the accident who are physically able to give the information or assistance required in this section, each of the other occupants shall fully reveal the identity of himself and the identity of the driver of the vehicle and of the owner of the vehicle of which they are occupants and shall otherwise perform the duties of the driver as set forth in subsection (a).

75 Pa.C.S. § 3744.

[3] *See Commonwealth ex rel. Hough v. Maroney*, 229 A.2d 913, 914–15 (Pa. 1967) ("A plea of guilty (when accepted and entered by the Court) is the equivalent of a conviction and a verdict of guilty by a jury.").

§ 3742(b)(3)(i). In support of its ruling, the trial court relied on *Commonwealth v. Kinney*, 863 A.2d 581 (Pa. Super. 2004). *Kinney* involved a defendant whose vehicle sideswiped another vehicle. As a result of the impact, the second vehicle crossed the highway and collided head-on with a third vehicle. *Id.* at 583. Two fatalities occurred in the third vehicle, which the defendant's vehicle never struck. The defendant fled the scene, but was forced to stop and call for help due to the extensive damage to her vehicle. *Id.* Despite the defendant's argument that two accidents had occurred and she was not involved in the second accident (the one that resulted in fatalities), the *Kinney* Court, relying on the jury verdict, upheld the convictions under Section 3742. *Id.* at 585.

Satterfield filed a post-sentence motion to modify sentence, challenging the imposition of three sentences on the Section 3742 counts because that section "encompasses the act of not remaining at the scene of an accident where there has been injury or death to offer aid and information[, and he] could only leave the scene of an accident one time, not three, regardless of the number of victims." Motion to Modify Sentencing, 8/14/2019, ¶ 5(d)(ii). The trial court denied his post-sentence motion, and Satterfield filed a timely notice of appeal with the Superior Court.

On appeal, Satterfield renewed his argument that he should not have been given three sentences on the Section 3742 counts because there was only one accident, and, therefore, he violated Section 3742(a) only once. He claimed that the plain language of the text of Section 3742 supports his interpretation that the phrase "an accident" in Section 3742 refers to one accident, and thus he only violated the statute once. The Superior Court affirmed Satterfield's judgment of sentence in an unpublished memorandum opinion, *Commonwealth v. Satterfield*, 2020 WL 3866653 (Pa. Super. 2020), determining

that the phrase "an accident" is not clear as to whether a person can be sentenced on three counts where there is a single accident and three victims die. *Id.* at *6. To resolve Satterfield's sentencing challenge, the Superior Court turned to its decision in *Kinney* and legislative intent. *Id.* at *6–*7.

Citing *Kinney*, the Superior Court concluded that, even if there was only one accident, Satterfield could be sentenced on three counts of violating Section 3742 given the number of victims. *Satterfield*, 2020 WL 3866653, at *7. Looking at Senate Journal, 2014 Reg. Sess. No. 45, June 30, 2014, for legislative intent, the Superior Court noted that Section 3742 was amended in 2014 to make the penalty prescribed by Section 3742(b)(3)(i) equal to the penalty for homicide by vehicle while driving under the influence ("homicide-by-vehicle-DUI"), 75 Pa.C.S. § 3735(a), thereby resolving sentencing discrepancies between Sections 3742 and 3735. *Satterfield*, 2020 WL 3866653, at *7. The Superior Court observed that the purpose of the 2014 amendment was to discourage individuals from fleeing the scene of an accident to avoid the more serious homicide-by-vehicle-DUI charge by equalizing the penalties for both offenses. *Id.* According to the Superior Court, adopting Satterfield's interpretation of Section 3742 "would eviscerate this resolution," resulting in "great incentive to flee the scene" of serious accidents involving multiple victims, since a defendant who remained at the scene could be sentenced on multiple counts of homicide-by-vehicle-DUI, but "only a single count of accident[s] involving personal injury or death if he fled." *Id.* The Superior Court found nothing in the legislative history that "would demonstrate [the legislature] intended to give a volume discount in cases of accidents involving multiple cars and victims." *Id.*

This Court granted Satterfield's petition for allowance of appeal on the following issue:

> Whether the Superior Court erred when it affirmed the trial court's imposition of illegal sentences when the trial court sentenced [Satterfield] to separate, consecutive sentences on three counts of accidents involving death or personal injury where the applicable statute contemplates a single offense for each accident regardless of the number of persons injured or killed in such an accident?

*Commonwealth v. Satterfield*, 240 A.3d 615 (Pa. 2020) (per curiam).[4]

"Whether a claim implicates the legality of a sentence presents a pure question of law, in which case our scope of review is plenary, and our standard of review, de novo." *Commonwealth v. Weir*, 239 A.3d 25, 30 (Pa. 2020) (citation omitted). Resolution of Satterfield's issue also involves interpretation of a statute, Section 3742, which presents a pure question of law; again, our scope of review is plenary, and our standard of review, de novo. *Commonwealth v. Peck*, 242 A.3d 1274, 1278 (Pa. 2020) (citation omitted); *Commonwealth v. Wisneski*, 29 A.3d 1150, 1152–53 (Pa. 2011).

---

[4] Satterfield did not file a pre-trial motion to dismiss any of the Section 3742 counts or seek to withdraw his guilty plea on the ground of multiplicity, i.e., "the charging of a single offense in separate counts." *Commonwealth v. Davidson*, 938 A.2d 198, 219 (Pa. 2007) (quoting *Sanabria v. United States*, 437 U.S. 54, 65 n. 19 (1978)); *see also Commonwealth v. Gibbons*, 784 A.2d 776, 780 n.2 (Pa. 2001) (Saylor, J., concurring) ("[A] defect in a charging document may be treated as a legal issue for purposes of double jeopardy where its resolution does not depended on an assessment of the prosecution's evidence."); Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence). Thus, the validity of Satterfield's Section 3742 **convictions** is not before this Court. *See Commonwealth v. Hill*, 238 A.3d 399 (Pa. 2020) (holding that defendant waived challenge to duplicative convictions for driving under the influence by failing to preserve the issue).

**Arguments of the Parties**

Satterfield asserts that the plain language of Section 3742 is unambiguous. That offense focuses on the actor being the driver of a vehicle involved in "**an** accident" resulting in injury or death. Satterfield's Brief at 18 (emphasis in original). According to Satterfield, the *actus reus* of the offense is not causing an accident, but failing to fulfill two duties: (1) a driver involved in an accident must stop the vehicle at or near the accident scene and (2) must remain there until they have fulfilled the obligations set forth at 75 Pa.C.S. § 3744, namely, providing information and rendering aid. Satterfield's Brief at 18–19. Because the *actus reus* does not relate to the driver's fault or to resulting injuries or death, Satterfield reasons that a driver's failure to remain at the scene ("a single action") of an accident ("a single event") completes the offense. *Id.* at 19. Even if the single event involves multiple injured persons or deaths, the nature of the single action remains the same because a person can leave the scene of an accident only once.[5] Satterfield's Brief

---

[5] The Defendant Association of Philadelphia ("DAP") filed an amicus brief in support of Satterfield, arguing that Section 3742 contemplates a single violation (i.e., failure to remain at the scene of an accident that resulted in injury or death) and a single sentence. Therefore, each death does not constitute a separate, sentenceable offense. DAP's Amicus Brief at 5. Analyzing the statutory text of Section 3742, DAP submits that the "accident" is the "unit of prosecution" and the type of accident — one that results in injury or death — triggers a driver's obligations. The type of accident, however, "does not turn one accident into as many separately punishable violations of Section 3742 as there are persons physically harmed." *Id.* at 8–9. This interpretation is supported by the statutory requirement that the driver remain at the scene of the accident until they have fulfilled their statutory obligations; this requirement is "durational," describing an event that relieves the driver of the obligation to remain. *Id.* at 9.

DAP considers the lower courts' statutory interpretation unreasonable, insofar as the Section 3744 obligations extend to each individual involved in the accident. According to DAP, where multiple fatalities and injuries occur, as in this case, "the penalties pyramid," ranging from a first degree misdemeanor non-serious bodily injury, to a third degree felony for serious bodily injury, to a second degree felony for death; the latter two offenses carry mandatory minimum sentences. *Id.* at 12. Under the lower courts' approach,

at 19. Accordingly, Satterfield concludes that the plain meaning of Section 3742(a) is that a driver involved in an accident commits a single offense upon leaving the scene regardless of how many people are killed or injured as a result of the accident. *Id.* at 20.

Arguing that his interpretation is consistent with the current definition of accidents involving death or personal injury, Satterfield explains that, in the 1986 version of Section 3742,[6] leaving-the-scene conduct was causally related to a victim being injured or killed. Satterfield's Brief at 21–22. Specifically, the 1986 version graded the offense as a misdemeanor of the first degree where the victim suffers serious bodily injury or death, but as a felony of the third degree where "the violation of subsection (a) **materially contributes** to the death of the victim." *Id.* at 22 (emphasis in original). Satterfield concedes that the 1986 version could result in multiple violations of Section 3742 where a causal connection exists between leaving the scene and injuries or deaths. However, he continues, the 1996 amendment to Section 3742[7] eliminated the felony-three provision. As currently drafted, therefore, the language of Section 3742 requires no causal connection between a driver's conduct of leaving the scene and a victim's injury or death. *Id.* at 22.

In further support of his interpretation of Section 3742, Satterfield highlights several other crimes that involve a single criminal act that may involve the interests of more than one person, but do not allow charging a defendant in those situations with multiple

---

Satterfield could have been convicted and sentenced not only on the fatalities, but on all the serious and non-serious injuries, as well, thereby permitting an extremely high, and entirely unreasonable, cumulative sentence. *Id.* at 11–12.

[6] 75 Pa.C.S. § 3742 (enacted on December 11, 1986, effective in 60 days).

[7] 75 Pa.C.S. § 3742 (enacted on April 4, 1996, effective in 60 days).

offenses based on the number of people affected. *See* Satterfield's Brief at 20 (citing 18 Pa.C.S. §§ 2707 (propulsion of missile into an occupied vehicle), 2707.1 (discharge of firearm into an occupied structure), 3304 (criminal mischief), 3901-3935.1 (various theft offenses), 3502 (burglary), and 3503 (criminal trespass)). He also points to multiple vehicular offenses designed to punish actors for each person injured or killed by their driving. *See id.* at 21 (citing 75 Pa.C.S. §§ 3714(b) (Careless Driving–Unintentional Death), 3732 (Homicide by Vehicle), 3732.1 (Aggravated Assault by Vehicle), 3735 (Homicide by Vehicle While DUI), 3735.1 (Aggravated Assault by Vehicle While DUI)). Satterfield distinguishes Section 3742 from these victim-based vehicular crimes where the offense includes a causal connection between the actor's driving and a resulting death or injury. *Id.*

Satterfield insists that despite the Superior Court's contrary finding, a clear legislative intent for the 2014 amendment to Section 3742(b)(3)(i) may not be presumed because there is no legislative history to demonstrate an intent to allow charging multiple counts of Section 3742 based on the number of victims injured or killed. *Id.* at 24. According to Satterfield, the Superior Court's presumed legislative intent fails scrutiny because the court ignored the actual language of the mandatory minimum sentencing scheme for homicide-by-vehicle-DUI, 75 Pa.C.S. § 3735(a)(2). That provision requires the imposition of consecutive mandatory sentences "**for each victim** whose death is the result of a violation of section 3802 [(Driving under the influence of alcohol or a controlled substance)]." *Id.* at 26 (quoting 75 Pa.C.S. § 3735(a)(2)(emphasis added).[8] Had the

---

[8] *See* 75 Pa.C.S. § 3735(a)(2) ("The sentencing court shall order a person convicted under paragraph (1)(i) to serve a minimum term of imprisonment of not less than three

legislature intended for separate penalties under Section 3742 for each victim in the accident at issue, the 2014 amendment to Section 3742(b) would have contained substantially similar "for each victim" language.[9]  *Id.*  Relatedly, Satterfield highlights the legislature's previous rejection of a proposed amendment to Section 3742 that would have required imposition of mandatory consecutive sentences based on the number of victims.  *Id.* at 26–27 (citing PA House Journal, 2011 Reg. Sess. No. 20, March 9, 2011, at 410–19).

Lastly, Satterfield argues that the imposition of three separate sentences for a single violation of Section 3742 violates his federal and state double jeopardy rights if Section 3742 prescribes a single criminal violation per accident regardless of the number of persons injured or killed.  *Id.* at 32–33.  According to Satterfield, the double jeopardy clause prohibition against multiplicity, i.e., the charging of multiple counts for a single criminal offense, extends to sentencing on those counts.  *Id.*; *see also United States v. Corona*, 108 F.3d 565, 573-74 (5th Cir. 1997); *United States v. Stovall*, 825 F.2d 817, 821 (5th Cir. 1987).

Although the Commonwealth agrees with Satterfield that the statutory language of Section 3742 is unambiguous, it submits that the definition should not be read narrowly,

---

years.  A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of a violation of section 3802.").

[9]  In contrast, as amicus of the Commonwealth, the Pennsylvania District Attorneys Association ("PDAA") argues that the explicit language in Section 3735 imposing a punishment for each victim demonstrates the legislature's intent to limit a trial court's discretion in sentencing on violations of that section.  PDAA's Amicus Brief at 17.  In contrast, the absence of such language in Section 3742 is evidence that the legislature wanted trial courts to exercise discretion in sentencing concurrently or consecutively for multiple violations of the section based on multiple victims.  *Id.*

because it encompasses multiple accidents that result from a single impetus.[10] Commonwealth's Brief at 5–6. The Commonwealth faults Satterfield for ignoring the reality that a driver striking multiple vehicles would amount to more than one accident, as in this case. *Id.* at 6. According to the Commonwealth, a single impact that causes a chain reaction or a series of additional impacts results in multiple accidents, not merely the aftermath of the first impact. *Id.* The Commonwealth hypothesizes that, pursuant to Satterfield's position, where an at-fault driver strikes a no-fault driver and then the no-fault driver decides to accelerate and collides with another no-fault driver, a single accident would have occurred. *Id.* at 6–7. In contrast, the Commonwealth would view the hypothetical scenario as involving two accidents.[11]

The Commonwealth points to Pennsylvania criminal statutes that use the singular form of an offense, but provide that individuals who commit these crimes may be charged with multiple counts for multiple criminals acts. Commonwealth's Brief at 7 (citing 18 Pa.C.S. §§ 2701 ("Simple Assault"), 2501(a) ("Criminal Homicide")). Furthermore, the Commonwealth contends, a criminal actor's liability for more specific crimes does not

---

[10] In reply, Satterfield faults the Commonwealth for raising the argument that this matter involved "multiple accidents" for the first time in this appeal, having previously argued that Section 3742 may be charged multiple times when multiple people are killed or injured. Satterfield's Reply Brief at 2–3. Although, as discussed in note 14 infra, we disagree with the Commonwealth's depiction, we reject Satterfield's assertion of waiver in that the Commonwealth, as the prevailing party, was not required to preserve its arguments. *See Lebanon Valley Farmers Bank v. Commonwealth*, 83 A.3d 107, 113 (Pa. 2013) (rejecting taxpayer's argument that the Commonwealth waived Uniformity Clause argument for failure to file a cross-appeal because Commonwealth was prevailing party below).

[11] We note that pursuant to Section 3742(a), the driver of **any** vehicle involved in an accident (regardless of fault) is obligated to stop and remain at the scene until the requirements of Section 3744 are fulfilled. Thus, in the Commonwealth's hypothetical, the drivers of all of the involved vehicles are subject to Section 3742's proscriptions.

preclude his liability for more general crimes. *Id.* (citing 42 Pa.C.S. § 9303 (where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes)). According to the Commonwealth, as long as the crimes are not greater and lesser offenses, criminal defendants can be liable for as many crimes as they are convicted of, and then sentenced accordingly. *Id.* at 8 (citing *Commonwealth v. Anderson*, 650 A.2d 20, 22 (Pa. 1994)).

## Analysis

Satterfield claims that the imposition of three consecutive sentences of three to six years of incarceration is illegal because he committed a single violation of Section 3742.[12] We must therefore determine what our General Assembly fixed as the unit of prosecution for a violation of Section 3742(a). The unit of prosecution is the actus reus that the General Assembly intended to punish. Put otherwise, the unit of prosecution is the minimum conduct that must be proven to obtain a conviction for the statute in question. Only a single conviction and resulting punishment may be imposed for a single unit of prosecution. As this Court has indicated, "[t]o determine the correct unit of prosecution, the inquiry should focus on whether separate and distinct prohibited acts … have been committed." *Commonwealth v. Davidson*, 938 A.2d 198, 216 (Pa. 2007).

---

[12] The Commonwealth argues that the imposition of three sentences was appropriate because Satterfield pled guilty to three counts of violating Section 3742. Commonwealth's Brief at 11. Regardless of how many hit-and-run counts Satterfield pled guilty to, however, we are concerned only with the legality of the sentences imposed based on our interpretation of what constitutes a violation of Section 3742. As stated above, the validity of the charging documents and Satterfield's guilty plea are not before this Court. *See supra note 4* (explaining that Satterfield waived any challenge to the charges or his guilty plea).

To determine the intended unit of prosecution, we must engage in statutory interpretation. *Commonwealth v. Wisneski*, 29 A.3d 1150, 1152–53 (Pa. 2011). The best expression of legislative intent appears in the plain language of a statute. *Commonwealth v. Peck*, 242 A.3d 1274, 1279 (Pa. 2020) (citation omitted). Words of a statute "shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). "[W]hen the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute under the pretext of pursuing its spirit." *Commonwealth v. Brown*, 981 A.2d 893, 897 (Pa. 2009).

To repeat, the statutory text of Section 3742 (and related Section 3744) are as follows:

**§ 3742. Accidents involving death or personal injury**

**(a) General rule.**--The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirement of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

**(b) Penalties.--**

(1) Except as otherwise provided in this section, any person violating this section commits a misdemeanor of the first degree.

(2) If the victim suffers serious bodily injury, any person violating subsection (a) commits a felony of the third degree…

(3)(i) If the victim dies, any person violating subsection (a) commits a felony of the second degree…

\* \* \*

75 Pa.C.S. § 3742.

**§ 3744. Duty to give information and render aid**

**(a) General rule.**--The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.

**(b) Report of accident to police.**--In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (a) and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 3742 (relating to accidents involving death or personal injury) and subsection (a), insofar as possible on his part to be performed, shall forthwith report the accident to the nearest office of a duly authorized police department and submit to the police department the information specified in subsection (a).

**(c) Duty of occupants if driver disabled.**--Whenever the driver of a vehicle is physically unable to give the information or assistance required in this section and there are other occupants in the vehicle at the time of the accident who are physically able to give the information or assistance required in this section, each of the other occupants shall fully reveal the identity of himself and the identity of the driver of the vehicle and of the owner of the vehicle of which they are occupants and shall otherwise perform the duties of the driver as set forth in subsection (a).

75 Pa.C.S. § 3744.

Based upon the language selected by the General Assembly when enacting Section 3742, the unit of prosecution is **the act of leaving the scene of an accident without first rendering aid and providing the information required by Section 3744**.[13] The common and approved usage of the important terms "accident" and "scene" are clear. In *Wisneski*, we defined an "accident" under Section 3742 as encompass[ing] any untoward and unintended contact between a vehicle and something else."[14] *Wisneski*, 29 A.3d at 1153. Likewise, the term "scene" is "the place of an occurrence or action." MERRIAM-WEBSTER DICTIONARY, Scene (*https://www.merriam-webster.com/dictionary/scene*). Section 3742(a) plainly instructs that a driver involved in an accident must "in every event … remain at the scene of the accident until he has

---

[13] Contrary to the Superior Court's analysis, we find the statutory language of Section 3742 to be clear and unambiguous.

[14] In the present case, we do not agree with the Commonwealth's contention that more than one accident occurred. A vehicular accident may include any number of vehicles, impacts, collisions, deaths, and injuries. *See, e.g.*, *Commonwealth v. States*, 938 A.2d 1016 (Pa. 2007) (single vehicle accident in which two passengers died); *Commonwealth v. Petroll*, 738 A.2d 993 (Pa. 1999) (tractor-trailer hit another vehicle, causing multi-vehicle accident that killed three people); *see also Nield v. State*, 677 N.E.2d 79, 82 (Ind. Ct. App. 1997) ("In the context of vehicle collisions, we conclude that an 'accident' means the entirety of an occurrence that results from a common initiating event, regardless of whether more than two vehicles were involved."); *Yeye v. State*, 37 So.3d 324, 326 (Fla. Dist. Ct. App. 2010) (chain reaction multi-vehicle accident constituted one scene). The plain language of Section 3742 does not indicate any legislative intent to provide a different meaning, and it certainly does not support the Commonwealth's argument that every impact in an unforeseen multi-vehicle event constitutes a separate accident. Here, the evidence was insufficient to permit a finding of separate and distinct accidents. There was a near instantaneous collision with multiple cars. In light of the testimony of witnesses that the collisions occurred within seconds, the multiple impacts are so closely related in time and space as to constitute a single accident. *Accord Wisneski*, 29 A.3d at 1153–54 ("The terminus of an accident is the completion of all the physical on-scene events with a direct nexus to the onset of the incident, a conclusion particularly apropos where more than one vehicle is involved.").

fulfilled the requirements of 3744 (relating to duty to give information and render aid)." 75 Pa.C.S. § 3742(a). A driver who leaves the scene of the accident prematurely[15] violates the statute.[16] Requiring every driver to stop and comply with the duties set forth in Section 3744 supports the core objectives of the statute: promoting the satisfaction of civil liability and ensuring that injured persons will be furnished with any necessary assistance.[17] *See* *Milazzo v. Commonwealth*, 668 S.E.2d 158, 160 (Va. 2008) (explaining that purpose of hit-and-run statutes "is to protect persons injured as the result of, and to ensure the assessment of liability arising out of, an unfortunate vehicular event."); *Commonwealth v. Newton*, 66 Cal.Rptr.3d 422, 424 (Cal. App. 2007) (same).

The unit of prosecution for a Section 3742(a) conviction does not depend upon the results of the accident, including the number of victims or the severity of their injuries. Section 3742(a) makes it a criminal offense for the "driver of any vehicle **involved in an**

---

[15] Section 3742(a) does not require the involved driver to comply with the dictates of Section 3744. Section 3742(a) requires the driver to remain at the scene of the accident "until" he satisfies the duties set forth in Section 3744. The phrase "until he has fulfilled the requirements of section 3744" does not impose any duty to provide information or render aid, but rather only establishes the time at which the driver may lawfully leave the scene without violating Section 3742(a). Section 3744 does indeed impose those duties upon the involved driver, but we note that Section 3744 does not impose any criminal sanctions for failing to satisfy those obligations.

[16] In *Commonwealth v. Woosnam*, 819 A.2d 1198 (Pa. Super. 2003), the Superior Court held that that the mens rea requirement for a violation of Section 3742(a) is whether the driver knew or should have known that he was involved in an accident involving personal injury or death. *Id.* at 1206. The Commonwealth need not prove that the driver knew or should have known that he was responsible in whole or in part for causing the accident or that he in fact caused the accident.

[17] The importance of achieving these core objectives is highlighted by the General Assembly's insistence that if the driver of any vehicle involved in an accident is unable to fulfill the duties set forth in Section 3744(a) to provide the necessary information and render aid, a passenger in that vehicle becomes responsible to perform those obligations. 75 Pa.C.S. § 3744(c).

**accident** resulting in injury or death of any person" to remain at the scene until the duties set forth in Section 3744 are fulfilled. 75 Pa.C.S. § 3742(a) (emphasis added). Related provisions of the Vehicle Code, including Sections 3743 and 3745, likewise require every driver to stop if "involved in an accident" that results in any damage or injury whatsoever. Pursuant to Section 3743, the driver of a vehicle "**involved in an accident** resulting only in damage to a vehicle or other property which is driven or attended by any person" must stop and perform her duties under Section 3744, and Section 3745 imposes the same obligations on a driver who "collides with or is **involved in an accident** with any vehicle or other property which is unattended resulting in any damage to the other vehicle or property." 75 Pa.C.S. §§ 3743, 3745 (emphasis added).

Based upon this statutory language, it is solely involvement in an accident that triggers the obligation to stop and remain at the scene. *Wisneski*, 29 A.3d at 1153. This obligation applies to every driver involved in an accident, and in no respect does the obligation depend upon whether the driver caused the accident (directly or indirectly). The relevant statutory language in Section 3742(a) includes no indication that the General Assembly intended for a violation to be based upon consideration of who caused an accident or its results. To the contrary, the phrase "involved in an accident" is repeatedly used without exception in the "hit-and-run" statutes (Sections 3742, 3743 and 3745). In contrast, we note that Section 3742.1 of the Vehicle Code[18] makes it a criminal offense if

---

[18]  Section 3742.1(a) provides as follows:

> **§ 3742.1. Accidents involving death or personal injury while not properly licensed**
>
>> **(a) Offense defined.**--A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not

a driver without a valid driver's license "**caused** an accident resulting in injury or death of a person."  75 Pa.C.S. § 3742.1(a)(1) (emphasis added).  By using the word "involved" in Section 3742(a) rather than "caused," the General Assembly's clear intent was to have the statute apply to every driver with a nexus to the accident, not just the driver who caused it.  *See Commonwealth v. Lowry*, 55 A.3d 743, 750 (Pa. Super. 2012) (citing *Wisneski*).

It is true that Section 3742(b) sets the penalties for violations based upon the severity of the results of the accident:  where the accident results in an injury, the violator commits a misdemeanor of the first degree; a serious bodily injury is a felony of the third degree; and if the accident results in a death, the violator commits a felony of the second degree.  75 Pa.C.S. § 3742(b).  We will not infer, however, that the General Assembly intended for the penalties associated with a violation of Section 3742(a) to play any role in determining whether the statute was violated.  Although the penalties for not remaining at the scene increase depending upon the severity of the results of the accident, the statutory language unambiguously provides that the obligation to stop and remain at the scene results solely from the driver's involvement in the accident, regardless of the number of victims or the severity of their injuries.  *See generally Lee v. District of Columbia*, 22 A.3d 734, 741–42 (D.C. 2011) (hit-and-run statute requiring driver to remain

---

restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and:

(1) caused an accident resulting in injury or death of a person; or

(2) acted with negligence that contributed to causing the accident resulting in injury or death of a person.

at the scene of an accident resulting in injury is "accident-focused" not "victim-focused"); *Commonwealth v. Henderson*, 47 N.E.3d 25, 30 (Mass. 2016) (same). In light of the unambiguous unit of prosecution for Section 3742(a), the escalating penalties based on the severity of the consequence of an accident merely reflect the increasing importance of satisfying the core objectives of the statute.

As we conclude that the unit of prosecution for the crime of hit-and-run in Section 3742 is the act of leaving the scene of an accident without first rendering aid and providing information as required by Section 3744, we must also conclude that Satterfield only violated this criminal provision once.[19] There was only one accident scene at which

---

[19] The vast majority of our sister states have likewise construed their similarly worded hit-and-run statutes to provide that leaving the scene of the crime alone violates the statute and that separate sentences may not be imposed for each victim in the accident. *See, e.g., State v. Powers*, 23 P.3d 668, 671 (Ariz. Ct. App. 2001) ("The plain and ordinary meaning of the terms "accident" and "scene of an accident" do not depend on the number of victims."); *Commonwealth v. Newton*, 66 Cal.Rptr.3d at 424 (a driver who leaves scene of accident violates the statute only once); *Brown v. State*, 793 S.E.2d 573, 579-80 (Ga. Ct. App. 2016) ("[D]efendant may only be charged with a single violation of the hit-and-run statute for any single accident regardless of the number of victims [because the statute] criminalizes the act of failing to stop at the scene of an accident, and … there can be only one failure to stop at any single accident."); *People v. Sleboda*, 519 N.E.2d 512, 522 (Ill. App. Ct. 1988) ("[T]he statute itself indicates that an individual can only be convicted once for leaving the scene of one accident since the focus is on remaining at the scene of the accident[.] Therefore, while there may be several persons injured in an accident, there is only one accident scene at which the driver has a duty to remain."); *Commonwealth v. Henderson*, 47 N.E.3d 25, 30 (Mass. App. Ct. 2016) ("The proper 'unit of prosecution' under the statute is the act of leaving the scene of the accident, not the number of accident victims[.]"); *Firestone v. State*, 83 P.3d 279, 282 (Nev. 2004) (because "there was only one accident, and one 'leaving,' the statute allows only one charge of leaving the scene of an accident, regardless of the number of people involved"); *Tooke v. Commonwealth*, 627 S.E.2d 533, 536 (Va. Ct. App. 2006) ("The gravamen of the offense under the statute is a single accident, regardless of the number of persons injured or the extent of the damages."); *State v. Ustimenko*, 151 P.3d 256, 260 (Wash. Ct. App. 2007) ("[T]he unit of prosecution is the act of leaving the scene of an accident[.]"); *State v. Stone*, 728 S.E.2d 155, 165 (W. Va. 2012) (driver of any vehicle involved in accident resulting in injury or death of multiple persons who fails to remain at scene may be convicted of and

Satterfield had a legal duty to remain, and he left that scene before being statutorily excused (pursuant to the dictates of Section 3744). Upon leaving that scene, Satterfield violated Section 3742 one time and thus may only be sentenced for that single violation.

In so concluding, we reject the Superior Court's analysis based upon the 2014 amendments to Section 3742(b), which increased the penalty for leaving the scene of an accident resulting in death. While it is true that the new penalty was equal to that imposed for the crime of homicide-by-vehicle-DUI, 75 Pa.C.S. § 3735, we may not infer that the General Assembly intended for a violation of Section 3742 to be punished on a per-victim basis as a Section 3735 crime is. The language of Section 3735 is materially different from that of Section 3742 in a crucial respect, namely that its penalty provision for homicide-by-vehicle-DUI specifically provides that a violator will be separately sentenced "**for each victim** whose death is the result of a violation of section 3802 [(driving under the influence)]." 75 Pa.C.S. § 3735(a)(2) (emphasis added). The 2014 amendments to Section 3742 did not express a legislative intent to change a violation of Section 3742 from a scene-based offense to a victim-based offense by directing that the penalty for leaving the scene of an accident must be imposed on a defendant "for every death resulting from the accident." If the General Assembly had intended to equalize the penalty schemes for the two statutes, it could have made Section 3742 a victim-based offense by including in the 2014 amendments language substantially identical to that found in 75 Pa.C.S. § 3735(a)(2), namely "for each victim." As Satterfield correctly notes, a proposed amendment to that effect to Section 3742 was defeated in 2011, and the current version

---

sentenced on only one count of hit-and-run); *but see State v. Pal*, 893 N.W.2d 848, 855-56 (Wis. 2017) (the driver could be charged with multiple counts based on the statutory requirement that a driver stop, give information, and render aid to any victim).

of Section 3742(b) still does not include the victim-based language found in 75 Pa.C.S. § 3735(a)(2). The Superior Court erred by enlarging the meaning of the plain language in Section 3742 based on an inferential analysis of the separate and distinct criminal statute 75 Pa.C.S. § 3735 without a thorough analysis of the significantly different language of the two provisions.

The Superior Court's reliance on its prior decision in *Kinney* was misplaced, as the appropriate unit of prosecution was not raised (or discussed) in that case. There, Kinney crossed the center line of the road and struck an SUV, the driver of which lost control and struck a pick-up truck. Two passengers in the pick-up truck died in the crash, the driver and two passengers in the SUV were injured, and Kinney was charged with two counts under Section 3742. Kinney argued to the jury that two accidents had occurred and that she was not involved in the second one (between the SUV and the pick-up truck) that resulted in fatalities. Based upon evidence introduced by the Commonwealth's accident reconstruction expert, however, the jury convicted her of both Section 3742 counts. On these two counts, the trial court sentenced her to an aggravated term of one to three years in prison and restitution in the amount of $20,000. On appeal, Kinney raised several sufficiency of the evidence arguments, including that she did not cause the second accident and thus could not be held criminally responsible for the resulting deaths.[20] The Superior Court rejected this argument, noting that the jury, through its verdict, found that

---

[20] In addition, she claimed that (1) her convictions under Section 3742 and her acquittal for homicide by vehicle were inconsistent verdicts; (2) the Commonwealth presented no eyewitness who saw the impact between her car and the SUV; (3) she did not know that she was involved in an accident involving injuries or death, arguing instead that she was the victim of a hit-and-run accident; and (4) the phrase "scene of the accident" in Section 3742 is unconstitutionally vague. The Superior Court rejected each of these arguments in turn.

there was only one accident and therefore it was Kinney's actions which caused the injuries and death. *Kinney*, 863 A.2d at 584-85.

In the present case, the Superior Court relied upon its decision in *Kinney* in support of its ruling that multiple sentences may be imposed when the accident involves multiple victims, as the legislative history of Section 3742 does not support the granting of "volume discounts." *Satterfield*, 2020 WL 3866653, at *7. The court stated that in *Kinney*, "despite finding only a single accident, we upheld **both** convictions for accident death or personal injury." *Id.* (emphasis in original). While it is true that the Superior Court in *Kinney* upheld both convictions under Section 3742, it issued no ruling to the effect that a defendant may be sentenced separately based upon the number of victims in the accident. To the contrary, on appeal Kinney did not challenge the trial court's imposition of two sentences for leaving the scene of the accident, and she never argued that she could not be sentenced under Section 3742 based upon the number of victims resulting from the accident. Thus, the Superior Court did not address the issue raised in this case now before us. Nevertheless, based upon the analysis presented herein, to the extent (if any) that *Kinney* may be understood to stand for the position that multiple sentences may be imposed under Section 3742 based upon the number of victims resulting from the accident in question, it is expressly disapproved on this basis.

**Conclusion**

The plain language of Section 3742 directs that a driver who leaves the scene of an accident involving death or personal injury before being statutorily excused may only be punished for one violation of Section 3742, regardless of the number of persons killed or injured. By immediately removing himself to a parking lot across the highway,

Satterfield left the scene of this multi-vehicle accident and may be punished for doing so only once. Thus, two of Satterfield's three hit-and-run sentences are illegal. Accordingly, we reverse the order of the Superior Court affirming Satterfield's judgment of sentence and vacate the judgment of sentence. Because our decision may upset the trial court's overall sentencing scheme, we remand to the trial court for resentencing.

Chief Justice Baer and Justices Saylor, Todd, Dougherty, Wecht and Mundy join the opinion.